**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.*                                        PLAINTIFF
THE STATE OF MISSISSIPPI,

vs.                                                    Civil Action No.: 3:12-cv-565-WHB-RHW

JPMORGAN CHASE & CO., and
CHASE BANK USA, N.A.,                                                   DEFENDANTS

CONSOLIDATED WITH

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.*                                        PLAINTIFF
THE STATE OF MISSISSIPPI,

vs.                                                    Civil Action No.: 3:12-cv-571

HSBC BANK NEVADA, N.A.,
HSBC CARD SERVICES, INC.; and                                           DEFENDANTS
HSBC BANK USA, N.A.

CONSOLIDATED WITH

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.*                                        PLAINTIFF
THE STATE OF MISSISSIPPI,

vs.                                                    Civil Action No.: 3:12-cv-572

CITIGROUP INC.; CITIBANK, N.A.; and
DEPARTMENT STORES NATIONAL                                              DEFENDANTS
BANK

CONSOLIDATED WITH

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.*                                      PLAINTIFF
THE STATE OF MISSISSIPPI,

vs.                                                        Civil Action No.: 3:12-cv-573

DISCOVER FINANCIAL SERVICES, INC.;
DISCOVER BANK; DFS SERVICES, L.L.C.;                             DEFENDANTS
and AMERICAN BANKERS
MANAGEMENT COMPANY, INC.


CONSOLIDATED WITH

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.*                                      PLAINTIFF
THE STATE OF MISSISSIPPI,

vs.                                                        Civil Action No.: 3:12-cv-574

BANK OF AMERICA CORPORATION and
FIA CARD SERVICES, N.A.                                          DEFENDANTS


CONSOLIDATED WITH

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.*                                      PLAINTIFF
THE STATE OF MISSISSIPPI,

vs.                                                        Civil Action No.: 3:12-cv-575

CAPITAL ONE BANK (USA) N.A., and
CAPITAL ONE SERVICES, LLC                                        DEFENDANTS


**STATE OF MISSISSIPPI'S MEMORANDUM IN SUPPORT OF
MOTION FOR CERTIFICATION OF QUESTIONS FOR
INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

## TABLE OF AUTHORITIES

I.   INTRODUCTION ...................................................................................................1

II.   DISCUSSION AND ANALYSIS....................................................................................3

     A.   The Denials of Remand Are Appropriately Reviewed by Interlocutory
          Appeal Because a Finding of a Lack of Subject Matter Jurisdiction Will
          Terminate the Federal Court Proceedings...................................................4

     B.   A Substantial Ground for Difference of Opinion Exists Over The Two
          Legal Issues Controlling Federal Question Jurisdiction. ........................6

          1.   The Complaints Do Not Raise Usury Claims. .............................7

          2.   Payment protection plan fees are not interest charges. ..............12

III.   CONCLUSION AND PRAYER FOR RELIEF ................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Aetna Health Inc. v. Davila*,
    542 U.S. 200 (2004).............................................................................................6

*Anderson v. Ocwen Fin. Corp.*,
    No. 4:05CV243, 2006 U.S. Dist. LEXIS 35552, 2006 WL 1515682 (N.D. Miss. May
    26, 2006) ......................................................................................................11

*Badon v. RJR Nabisco Inc.*,
    236 F.3d 282 (5th Cir. 2000) ...........................................................................5

*Beard v. Aurora Loan Servs., LLC*,
    No. C-06-142, 2006 U.S. Dist. LEXIS 33485, 2006 WL 1350286 (S.D. Tex. May 17,
    2006) ...........................................................................................................12

*Beaumont v. Fortis Benefits Ins. Co.,*
    No. 07-CV-050, 2008 U.S. Dist. LEXIS 27321, 2008 WL 906186 (N.D. Okla. March
    29, 2008) ......................................................................................................11

*Beneficial Nat. Bank v. Anderson*,
    539 U.S. 1 (2003)................................................................................. *passim*

*California v. Check 'n Go of Cal., Inc.*, No. C07-02789, 2007 WL 2406888 (N.D. Cal.
    Aug. 20, 2007) ..............................................................................................11

*Carpenter v. Wichita Falls Indep. Sch. Dist.*,
    44 F.3d 362 (5th Cir. 1995) ..............................................................................5

*Carson v. H&R Block, Inc.*,
    250 F. Supp. 2d 669 (S.D. Miss. 2003)................................................................10

*Caterpillar Inc. v. Williams*,
    482 U.S. 386 (1987).........................................................................................6

*Cortazar v. Wells Fargo & Co.*,
    No. C 04-894 JSW, 2004 U.S. Dist. LEXIS 30215, 2004 WL 1774219 (N.D. Cal.
    Aug. 9, 2004) ...............................................................................................12

*Cross–Country Bank v. Klussman*,
    No. C-01-4190, 2004 U.S. Dist. LEXIS 7835, 2004 WL 966289 (N.D. Cal. April 30,
    2004) ...........................................................................................................12

*Doe v. Kerwood*,
    969 F.2d 165 (5th Cir. 1992) ...........................................................................5

*Gebhard v. Bank of America, N.A.*,
 No. 2:09–CV–03159, 2010 U.S. Dist. LEXIS 20754, 2010 WL 580995 (E.D. Cal.
 Feb. 10, 2010) ........................................................................................................11

*Grant v. Chevron Phillips Chem. Co*.,
 309 F.3d 864 (5th Cir. 2002) ...................................................................................4

*Howard v. CitiFinancial, Inc*.,
 No. 3:01-cv-471BN, 2002 U.S. Dist. LEXIS 15119 (S.D. Miss. May 8, 2002)......................5

*Hufnagel v. Omega Serv. Indus., Inc*.,
 182 F.3d 340 (5th Cir. 1999) ...................................................................................5

*Johnson v. Wachovia Bank, N.A.*,
 No. JFM-05-2654, 2006 U.S. Dist. LEXIS 3992 2006 WL 278549 (D. Md. Feb. 2,
 2006) ......................................................................................................................12

*Joseph v. Commerce Bank N.A.*,
 10-0685, 2010 U.S. Dist. LEXIS 97664, 2010 WL 3733557 (W.D. Mo. Sept. 17,
 2010) ......................................................................................................................10

*Leto v. RCA Corp*.,
 355 F. Supp. 2d 921 (N.D. Ill. 2004) .......................................................................6

*Levitanksy v. FIA Card Servs., N.A.*,
 492 F. Supp. 2d 758 (N.D. Ohio 2007).....................................................................9

*Losel v. Chase Bank USA, NA*,
 No. CIV-S-11-1999, 2012 U.S. Dist. LEXIS 124698 2012 WL 3778960 (E.D. Cal.
 Aug. 31, 2012) ......................................................................................................10

*Louisiana v. Union Oil Co. of California*,
 458 F.3d 364 (5th Cir. 2006) ...................................................................................4

*McDaniel v. Fifth Third Bank,*
 No. 6:12-cv-1229, 2012 U.S. Dist. LEXIS 188308 (M.D. Fla. Nov. 6, 2012)......................10

*McLeod v. DHI Mortgage Co., Ltd*.,
 08CV2190, 2009 U.S. Dist. LEXIS 42214, 2009 WL 1396395 (S.D. Cal. May 15,
 2009) ......................................................................................................................11

*Melder v. Allstate Corp*.,
 404 F.3d 328 (5th Cir. 2005) ...................................................................................4

*Metropolitan Life Ins. v. Taylor*,
 481 U.S. 58 (1987)...................................................................................................6

*Nevada v. Bank of Am. Corp.,*
 672 F.3d 661 (9th Cir. 2012) ................................................................................2

*Patterson v. Regions Bank,*
 No. 06-cv-469, 2006 U.S. Dist. LEXIS 86029, 2006 WL 3407852 (S.D. Ill. Nov. 27,
 2006) ...................................................................................................................11

*Richardson v. Nat'l City Bank,*
 141 F.3d 1228 (7th Cir. 1998) ............................................................................14

*Rico v. Flores,*
 481 F.3d 234 (5th Cir. 2007) ................................................................................4

*Ross v. Citifinancial, Inc.,*
 344 F.3d 458 (5th Cir. 2003) ................................................................................4

*Ross v. Citifinancial, Inc.,*
 No. 5:01-cv-185BN, 2002 U.S. Dist. LEXIS 26740 (S.D. Miss. May 8, 2002)........................3

*Saxton v. Capital One Bank,*
 392 F. Supp. 2d 772 (S.D. Miss. 2005)................................................................10

*Smiley v. Citibank (S.D.), N.A,*
 517 U.S. 735 (1996) ......................................................................................13, 14

*Steel Co. v. Citizens for a Better Env't,*
 523 U.S. 83 (1998)................................................................................................4

*Tennessee Gas Pipeline v. Houston Cas. Ins. Co.,*
 87 F.3d 150 (5th Cir. 1996) ..................................................................................5

*West Virginia ex rel. McGraw v. Capital One Bank (USA) N.A.,*
 No. 3:10-0211, 2010 U.S. Dist. LEXIS 74639 2010 WL 2901801 (S.D. W. Va. July
 22, 2010) .............................................................................................................10

*West Virginia ex rel. McGraw v. Capital One Bank (USA) N.A.,*
 No. 3:11-0492, 2011 U.S. Dist. LEXIS 89709, 2011 WL 3516149 (S.D. W. Va. Aug.
 11, 2011) .............................................................................................................10

*West Virginia ex rel. McGraw v. JPMorgan Chase & Co.,*
 842 F. Supp. 2d 984 (S.D. W. Va. 2012).....................................................9, 13, 14

*Young v. Wells Fargo & Co.,*
 671 F. Supp. 2d 1006 (S.D. Iowa 2009) ............................................................8, 9

**STATUTES**

12 U.S.C. § 85...............................................................................................7, 10

iv

12 U.S.C. § 86 ...................................................................................................7, 8, 9, 10

28 U.S.C. § 1291 ...........................................................................................................3

28 U.S.C. § 1292(a) ......................................................................................................3

28 U.S.C. § 1292(b) ............................................................................................ *passim*

28 U.S.C. § 1453(c) ..................................................................................................1, 2

**OTHER AUTHORITIES**

12 C.F.R. § 7.4001(a) ............................................................................................13, 14

12 C.F.R. § 37 .............................................................................................................14

12 C.F.R. § 37.3(a) .....................................................................................................14

Fed. R. App. P. 5(a) ......................................................................................................3

## I.    INTRODUCTION

The State of Mississippi respectfully moves this Court to certify the Court's Opinion and Order denying motions to remand (the "Order") (Doc. No. 44), for interlocutory appeal to the Fifth Circuit under 28 U.S.C. § 1292(b).

These cases address alleged schemes concocted by each of the defendant credit card companies that employed deceptive and misleading tactics to enroll and charge Mississippi consumers for payment protection and other ancillary products.  The deceptive tactics alleged included enrolling consumers without their consent, failing to disclose critical features of the programs such as eligibility requirements or the abstruse conditions to utilizing them, and using deceptive and misleading tactics in administering the programs. What is contested is the nature of the Defendants' schemes and that fees were charged at all, rather than the amount of the fees.

On July 31, 2013, this Court denied the State's motions to remand, finding *inter alia* that "the Payment Protection Plans underlying the MCPA claims in the subject lawsuits would constitute interest as that term is defined by the OCC." *See* Order at 40. Further, the Court held that "[b]ased on its reading of the Amended Complaints, the Court finds that the State has challenged the rate of the fees being charged for Payment Protection Plans, and has impliedly alleged that those fees are excessive[.]" *Id.* at 43.

The State respectfully seeks review of these conclusions in the Fifth Circuit. While orders denying remand are not immediately appealable as a matter of right, they can be certified for interlocutory appeal under 28 U.S.C. § 1292(b) where the order rests on "a controlling question of law as to which there is substantial ground for difference of opinion."

This petition is submitted to the Court in an abundance of caution to simplify the issues that the State will ask the Fifth Circuit to address. The State is petitioning the Fifth Circuit pursuant to 28 U.S.C. § 1453(c), requesting review of the Order's conclusion that subject matter

jurisdiction is proper under the Class Action Fairness Act (CAFA). Pursuant to authority from a sister Circuit, the appeals court also may review federal question jurisdiction in an appeal perfected pursuant to 28 U.S.C. § 1453(c). *Nevada v. Bank of Am. Corp.,* 672 F.3d 661 (9th Cir. 2012). The Ninth Circuit reasoned that, "it is well established that a court may raise the question of subject matter jurisdiction, *sua sponte,* at any time during the pendency of the action, even on appeal." *Id.* at 673 (quotation and citation omitted). Thus, in a Section 1453(c) appeal from denial of remand on CAFA grounds, *Bank of America* addressed the district court's decision that federal question jurisdiction existed. The State maintains that the Ninth Circuit reached the correct decision; however, to streamline the issues that will be before the Fifth Circuit, the State respectfully requests that the Court independently grant the State's Section 1292(b) petition for interlocutory appeal of the Order's finding that federal question jurisdiction exists.

Whether this Court has federal question jurisdiction turns on two related questions: (1) do the fees charged for the payment protection or other ancillary services constitute "interest" under the National Bank Act? And if so, (2) can the Attorney General's allegations only be characterized as a usury claim challenging the rate or amount of interest, even though the Attorney General never raises state anti-usury claims? If the answer to either of these questions is "no," then this Court lacks federal question jurisdiction.

The Fifth Circuit has yet to address either of these issues. In light of the inconsistent case law both within this Circuit and from other jurisdictions, there are reasonable grounds for seeking clarity from the Fifth Circuit on each of these unsettled questions of law. This Court's sister court in the Northern District of West Virginia was confronted with the exact same arguments and authorities from these same defendants and reached the diametrically opposite conclusion that this Court reached—holding that the fees were not interest, and that there was not

complete preemption supporting removal jurisdiction. This issue of complete preemption of Hawaii's case against these same defendants is now before the Ninth Circuit, which granted the State of Hawaii's petition for immediate interlocutory appeal. *See* Exhibit A, State of Hawaii's Appellant's Brief, No. 13-15611 (9th Cir. July 10, 2013).

Therefore, the State respectfully seeks leave to file an interlocutory appeal to the Fifth Circuit to allow it to weigh in on these issues. Given the time, effort, and cost of litigating cases such as these—both for the Court and the parties—answering these controlling questions of law would materially advance the litigation. The State respectfully requests that the Court avert years of litigating six separate cases that could culminate in a Section 1291 appeal in which subject matter jurisdiction is found to have been lacking in the first instance.

## II.   DISCUSSION AND ANALYSIS

Although the denial of a motion to remand is not generally subject to interlocutory appeal under 28 U.S.C. § 1292(a), here it is proper under subsection (b). Under that provision, an interlocutory appeal is warranted where a civil order "involves a controlling question of law as to which there is substantial ground for difference of opinion and [where] an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). The statute further provides that the court of appeals may permit an appeal of such an order. *Id*. Rule 5(a) of the Federal Rules of Appellate Procedure allows a district court to amend an order to meet the requirement that the order being appealed contain a statement certifying the appealability of the order. *See Ross v. Citifinancial, Inc*., No. 5:01-cv-185BN, 2002 U.S. Dist. LEXIS 26740, at *6 (S.D. Miss. May 8, 2002) (Barbour, J.) (citing Advisory Committee Notes to the 1967 and 1998 Amendments).

Certification for interlocutory appeal is appropriate here because the standards under Section 1292(b) are met—there are substantial grounds for a difference of opinion regarding two unsettled yet controlling questions of law which would dispose of this case in federal court.

### A. The Denials of Remand Are Appropriately Reviewed by Interlocutory Appeal Because a Finding of a Lack of Subject Matter Jurisdiction Will Terminate the Federal Court Proceedings.

The Fifth Circuit has characterized a district court's certification of its order denying plaintiffs' motion to remand as "the district court's **highly principled** certification for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b)." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 866 (5th Cir. 2002) (emphasis added). Subject matter jurisdiction is a fundamental issue that the judiciary "is bound to ask and answer for itself." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation and quotation omitted). "Without jurisdiction the court cannot proceed at all in any cause." *Id*. Trying six cases to resolution, only to have the judgments rendered void for lack of jurisdiction would be an inefficient use of federal judicial resources. It is equally important to the State, and the citizens the State seeks to protect, that the jurisdictional questions be resolved as early in the proceedings as possible so that the State may proceed in a court with jurisdiction to enforce its judgments.

The Fifth Circuit has a long history of interlocutory review of district court orders denying remand motions. *See, e.g., Rico v. Flo*res, 481 F.3d 234, 238 (5th Cir. 2007) ("jurisdiction over Plaintiffs' appeal derives from the district court's certification of its interlocutory order denying the motion to remand as suitable for appeal under 28 U.S.C. § 1292(b)" (quotation and citation omitted)); *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 366 (5th Cir. 2006) ("The district judge certified its order denying remand for interlocutory appeal."); *Melder v. Allstate Corp*., 404 F.3d 328, 330 (5th Cir. 2005) ("For this 28 U.S.C. § 1292(b) appeal, we review *de novo* the remand-denial."); *Ross v. Citifinancial, Inc*., 344 F.3d

458, 460 (5th Cir. 2003) (consolidated 28 U.S.C. § 1292(b) interlocutory appeals from remand-denials); *Badon v. RJR Nabisco Inc*., 236 F.3d 282, 283 (5th Cir. 2000) ("In this interlocutory appeal under 28 U.S.C. § 1292(b), plaintiffs-appellants … challenge the district court's order overruling their motion to remand this removed suit . . . ."); *Hufnagel v. Omega Serv. Indus., Inc*., 182 F.3d 340, 344 (5th Cir. 1999) ("After denying remand, the district court certified its ruling on the remand motion to this Court under 28 U.S.C. § 1292(b) . . . ."); *Tennessee Gas Pipeline v. Houston Cas. Ins. Co*., 87 F.3d 150, 152 (5th Cir. 1996) ("The district court denied remand, but, finding it a close case, certified the question for interlocutory appeal."); *Carpenter v. Wichita Falls Indep. Sch. Dist*., 44 F.3d 362, 365 (5th Cir. 1995) ("The case is now before us on interlocutory appeal under 28 U.S.C. § 1292(b) from the district court's denial of Carpenter's motion to remand the state case."); *Doe v. Kerwood*, 969 F.2d 165, 166 (5th Cir. 1992) ("The district court … certified the order denying remand for interlocutory appeal."). *See also Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 5  (2003) ("The District Court denied respondents' motion to remand the case to state court but certified the question whether it had jurisdiction to proceed with the case to the Court of Appeals pursuant to 28 U.S.C. § 1292(b).").

This Court historically has made the "highly principled" decision to certify an order denying remand. In *Howard v. CitiFinancial, Inc*., No. 3:01-cv-471BN, 2002 U.S. Dist. LEXIS 15119, at **6-7 (S.D. Miss. May 8, 2002) (Barbour, J.), this Court determined that there was a substantial ground for a difference of opinion regarding *inter alia* the correct standard for finding that non-diverse defendants had been fraudulently joined. The Court therefore found that an immediate appeal "may materially advance the ultimate termination of the litigation" and certified the order. *Id.* at 7. The State respectfully requests that the Order here likewise be certified.

**B.  A Substantial Ground for Difference of Opinion Exists Over The Two Legal Issues Controlling Federal Question Jurisdiction.**

Courts have repeatedly stressed the extraordinary nature of complete preemption and its limited applicability. *See e.g., Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (describing ERISA complete preemption as an "extraordinary pre-emptive power" (quotation and citation omitted)); *Metropolitan Life Ins. v. Taylor,* 481 U.S. 58, 65 (1987) (for a statute to provide federal question jurisdiction under this exception, it must have "extraordinary pre-emptive power"); *Leto v. RCA Corp*., 355 F. Supp. 2d 921, 923 (N.D. Ill. 2004) ("Courts have repeatedly stressed the extraordinary nature of complete preemption and its limited applicability." (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (further citation omitted))).

In this vein, the Supreme Court has explained that defendants cannot forum select by transforming a state law claim into a federal one:

> On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state commonlaw complaint into one stating a federal claim . . . .
>
> . . . .
>
> But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.

*Caterpillar*, 482 U.S. at 393, 399 (emphasis in original).

The removals here exemplify just such a forbidden transmogrification of state law causes of action for improper forum-shopping purposes. There is, at a minimum, a substantial grounds for difference of opinion regarding whether the complete preemption doctrine can be extended to state consumer protection cases without any showing – indeed, without any attempt to show – that Congress has provided an exclusive federal remedy over state consumer protection claims.

### 1.   The Complaints Do Not Raise Usury Claims.

The *Beneficial National* Court held that usury cases against national banks are completely preempted by 12 U.S.C. §§ 85, 86. 539 U.S. at 11. Section 85, titled "Rate of interest on loans, discounts and purchases," provides that "association[s] may take, receive, reserve, and charge on any loan or discount made" an interest rate allowed by the state, territory, or district where located, or an interest rate tied to the district Federal Reserve Bank's 90-day commercial paper interest rate. 12 U.S.C. § 85. Section 86 provides the penalties for taking interest in excess of the rates specified in Section 85. Neither section 85 nor 86 speaks to Defendants' behavior in improperly marketing, selling and enrolling Mississippi consumers in ancillary service plans in violation of state consumer protection laws.

In *Beneficial National*, the "complaint sought relief for 'usury violations,'" "expressly charged [the bank] with usury," and "unquestionably and unambiguously claim[ed] that [the bank] violated usury laws." 539 U.S. at 9, 11. Thus, the question was whether "the National Bank Act provide[s] the exclusive cause of action for usury claims against national banks?" *Id*. at 9. Even if the bank had a complete federal defense under Section 85 of the Act, that would be insufficient, standing alone, to justify removal. *Id*. (citation omitted). "Only if Congress intended § 86 to provide the exclusive cause of action for usury claims against national banks" would the state claims be completely preempted. *Id*. Thus, a removing defendant must show that Congress clearly intended the federal claim to provide the exclusive cause of action. *See id.* at 9, 11.

Defendants failed to demonstrate that Sections 85 and 86 of the National Bank Act provide any remedy for their deceptive and unconscionable practices, much less an exclusive one. Section 86 provides the penalties for taking interest in excess of the rates specified in Section 85, but it provides no remedy for deceptive and unconscionable practices in marketing and selling services ancillary to credit card accounts, and improperly enrolling customers, which

are the issues here. Defendants cannot and did not identify any evidence of Congressional intent to provide an exclusive federal remedy for any claims other than traditional usury claims. That is because nothing in the National Bank Act, regulations, or Supreme Court precedent indicate that Section 86 preempts states' lawsuits asserting claims beyond the scope of traditional usury claims. *Young v. Wells Fargo & Co.*, 671 F. Supp. 2d 1006, 1021 (S.D. Iowa 2009) ("[N]othing in the statute, OCC regulations, or Supreme Court precedent indicate that § 86 preempts state law suits asserting claims beyond the scope of a traditional usury claim.").

Rather than making the required clear showing that Congress intended federal law to displace state consumer protection actions, Defendants contend that the Attorney General for the State of Mississippi, accidentally and without saying so, sued them for violating unnamed anti-usury laws. At a minimum, there is a substantial ground for difference of opinion whether *Beneficial National* can be extended to apply not to actually pled usury claims, but to "impliedly alleged" claims. *See* Order, p. 43. To satisfy complete preemption pursuant to *Beneficial National*, the Complaints must "**expressly**," "**unquestioningly and unambiguously**" allege a claim for usury under state usury law. *See Beneficial Nat'l,* 539 U.S. at 9 (complaint "thus expressly charged petitioners with usury"); *id.* at 11 ("the complaint … unquestionably and unambiguously claims that petitioners violated usury laws") (emphasis added).

These six Complaints do not. The gravamen of the Complaints is that "the cardholders do not actually understand that they are supposedly agreeing to purchase an ancillary product" and are charged without their consent (*e.g.*, 3:12-cv-00565 First Amended Complaint, Dkt. 11-1, at 8 ¶ 26; *id.* at 7 ¶ 22). "Defendants' ancillary products are in fact a dense maze of limitations, exclusions and restrictions, making it impossible for consumers to knowingly determine what these products cover and whether they provide a worthwhile financial benefit." *Id.* at 6 ¶ 18. For

example, one of the several deceptive practices alleged is the use of the activation process to wrongfully enroll customers. *Id.* at 9 ¶ 31. Defendants know that deceptive slamming through telemarketing occurs frequently and set up their protocols on the assumption that consumers have been deceived. *Id.* at 10-11 ¶¶ 34-40.

The Complaints allege that the service plan fees should not be on the bills ***at all*** – not at a lower rate, not at any rate – and go into great detail explaining why the fees themselves are inappropriate. The defendant in a usury case is not alleged to be at fault because interest is charged. The point — the sole point — of a usury case is to challenge the quantum of the interest charged: "rate of interest greater than is allowed." 12 U.S.C. § 86. Because these Complaints neither mention any rate of interest nor state that a legal rate was exceeded, *at a minimum* there are substantial grounds for a difference of opinion regarding whether these cases can be treated as usury cases in order to create federal question jurisdiction.

That there is more than a substantial ground for a difference of opinion is illustrated by the majority of courts that have, in contrast to the Order, refused to extend the complete preemption doctrine to consumer protection and other cases in which a usury claim is not expressly pled by the plaintiffs. *See, e.g., West Virginia ex rel. McGraw v. JPMorgan Chase & Co.,* 842 F. Supp. 2d 984, 993 (S.D. W. Va. 2012) ("Taken together, Plaintiff's claims do challenge the value of the plans to consumers, but in doing so plainly allege that the plans simply have no value to many consumers – not that they are usurious."); *Young, supra*, 671 F. Supp. 2d at 1021 (rejecting the defense argument that complaint references to excessive fees established complete preemption, and explaining that, "the basis of the alleged excessiveness [in fees] is that Wells Fargo charged fees when they should not, a wholly different claim from a claim that Wells Fargo applied an illegal interest rate."); *Levitanksy v. FIA Card Servs., N.A.*, 492 F. Supp. 2d

758, 762 (N.D. Ohio 2007) (citing *Beneficial National*, 539 U.S. at 9, and explaining that a challenge to a transaction fee was not a usury claim); *Saxton v. Capital One Bank*, 392 F. Supp. 2d 772, 782-83 (S.D. Miss. 2005) (declining to extend *Beneficial National* to a case raising state consumer protection and other state law claims); *Carson v. H&R Block, Inc*., 250 F. Supp. 2d 669, 673 (S.D. Miss. 2003) ("district courts have overwhelmingly found that claims for failure to disclose interest charges are not within the scope of § 85" (collecting cases)); *McDaniel v. Fifth Third Bank,* No. 6:12-cv-1229*, 2012 U.S. Dist. LEXIS 188308, at **8-11 (M.D. Fla. Nov. 6, 2012) (discussing *Beneficial Nat'l* and finding no complete preemption of unjust enrichment and state "at par" check statute); *Losel v. Chase Bank USA, NA*, No. CIV-S-11-1999, 2012 U.S. Dist. LEXIS 124698, at **12-13, *15, 2012 WL 3778960, at **4-5 (E.D. Cal. Aug. 31, 2012) ("Plaintiff has alleged Chase's business acts are "unlawful and unfair" under California law, and provided examples of the high interest rate charged as a result of Chase's alleged deceptive practices . . .  [P]laintiff's… claim is not properly interpreted as a usury claim and therefore is not preempted by the NBA."); *West Virginia ex rel. McGraw v. Capital One Bank (USA) N.A*., No. 3:11-0492, 2011 U.S. Dist. LEXIS 89709, at *11, 2011 WL 3516149, at *3 (S.D. W. Va. Aug. 11, 2011) ("Plaintiff only challenges Defendants' alleged fraudulent and deceptive practices, not the level of interest they charge on credit cards."); *Joseph v. Commerce Bank N.A.,* No. 10-0685, 2010 U.S. Dist. LEXIS 97664, at **6-7, 2010 WL 3733557, at **2-3 (W.D. Mo. Sept. 17, 2010) ("Plaintiff's overdraft claims are not usury claims and do not implicate §§ 85 and 86 . . . . The Court . . . perceives no indication Congress intended to create an express or implicit cause of action for a banks' alleged violation of its incidental or deposit-taking powers." (internal citation omitted)); *West Virginia ex rel. McGraw v. Capital One Bank (USA) N.A*., No. 3:10-0211, 2010 U.S. Dist. LEXIS 74639, at **8-10, 2010 WL 2901801 (S.D. W. Va. July 22, 2010)

(plaintiff's state consumer protection claims were not challenges to the rate or amount of interest itself, but rather methods used to entice or deceive cardholders into accruing interest); *Gebhard v. Bank of America, N.A.*, No. 2:09–CV–03159, 2010 U.S. Dist. LEXIS 20754, at **17-18, 2010 WL 580995, at *6 (E.D. Cal. Feb. 10, 2010) (While plaintiffs alleged defendant "'[a]ttempted and did place Plaintiff into usurious transactions . . . ,' [p]laintiffs . . . are not seeking to recover because BofA applied an interest rate that exceed any statutory maximum."); *McLeod v. DHI Mortgage Co., Ltd.*, 08CV2190, 2009 U.S. Dist. LEXIS 42214, at *18, 2009 WL 1396395, at *6 (S.D. Cal. May 15, 2009) ("The reference to closing costs in Plaintiffs' complaint is made solely in the context of a claim for rescission of the loan agreement based upon fraud …. Plaintiffs do not state a claim for usury . . . ."); *Beaumont v. Fortis Benefits Ins. Co.,* No. 07-CV-050, 2008 U.S. Dist. LEXIS 27321, at **9-10, 2008 WL 906186, at **3-4 (N.D. Okla. March 29, 2008) (where words "increased interest rates" were repeated in complaint, but "Plaintiffs mention no Oklahoma or federal statute governing usurious interest, nor do they anywhere reference a claim of 'usury'… Because Plaintiffs have not explicitly – nor implicitly – asserted state law usury claims, there are no claims which are subject to preemption by federal law."); *California v. Check 'n Go of Cal., Inc*., No. C07-02789, 2007 U.S. Dist. LEXIS 65650, at *12, 2007 WL 2406888, at *3 (N.D. Cal. Aug. 20, 2007) (claims not preempted where "the plaintiff did not directly assert a usury claim against a state-chartered bank" (collecting cases)); *Patterson v. Regions Bank*, No. 06-cv-469, 2006 U.S. Dist. LEXIS 86029, at *17, 2006 WL 3407852, at *5 (S.D. Ill. Nov. 27, 2006) ("Plaintiffs do not appear to be alleging that the challenged interest rate is illegal…."); *Anderson v. Ocwen Fin. Corp.*, No. 4:05CV243, 2006 U.S. Dist. LEXIS 35552, at **3-4, 2006 WL 1515682, at *1 (N.D. Miss. May 26, 2006)  ("allegations of '[e]xcessively high and/or false points, closing costs and service charges' with no mention of 'usury' does not

11

constitute a state law usury claim for complete preemption purposes"); *Beard v. Aurora Loan Servs., LLC*, No. C-06-142, 2006 U.S. Dist. LEXIS 33485, at *13, 2006 WL 1350286, at *5 (S.D. Tex. May 17, 2006) ("Rather than alleging usury, Plaintiff has claimed that Aurora intentionally miscalculated his mortgage balance, falsely claimed that it was not receiving loan payments, and wrongfully foreclosed on his home."); *Johnson v. Wachovia Bank, N.A.*, No. JFM-05-2654, 2006 U.S. Dist. LEXIS 3992, at **5-6, 2006 WL 278549 (D. Md. Feb. 2, 2006) (finding no complete preemption under *Beneficial Nat'l* and explaining the requirement of clear congressional intent to entirely displace the state law); *Cortazar v. Wells Fargo & Co.*, No. C 04-894 JSW, 2004 U.S. Dist. LEXIS 30215, at *13, 2004 WL 1774219, at *4 (N.D. Cal. Aug. 9, 2004) ("[T]he Cortazars challenge the unfair and deceptive manner in which WFHM, induced borrowers to enter into unfavorable loans with "above-market interest rates" and "exorbitant" points and fees. These latter allegations, however, do not compel the conclusion that the Cortazars assert that these rates, points, and fees are usurious."); *Cross–Country Bank v. Klussman*, No. C-01-4190, 2004 U.S. Dist. LEXIS 7835, at **18-21, 2004 WL 966289 (N.D. Cal. April 30, 2004) ("The Court finds that Plaintiff's claims are not in fact usury claims . . . . Plaintiff alleges, *inter alia,* that Defendants misrepresented the nature and benefit of their services, placed unauthorized and undisclosed charges on customers' accounts…. The gravamen of Plaintiff's complaint is that Defendants misrepresented the nature and cost of their services, -- not that they charged a usurious rate of interest.").

In summation, the majority of district courts disagree with the Order's conclusion that non-usury causes of action are completely preempted.

### 2.  Payment protection plan fees are not interest charges.

Even were the Complaints to state that the service plan fees exceed a legal rate of interest (which the Complaints do **not** say), the complete preemption doctrine does not apply because the

12

"payment protection" fees are not "interest" under the National Bank Act. While the National

Bank Act does not define interest, a regulation does. 12 C.F.R. 7.4001(a). The Supreme Court

interpreted this regulation as excluding from interest fees that are "*specifically assigned* to"

expenses for "insuring the loan":

> To be sure, in the broadest sense *all* payments connected in any way with the loan
> -- including reimbursement of the lender's costs in processing the application,
> insuring the loan, and appraising the collateral -- can be regarded as
> "compensating [the] creditor for [the] extension of credit." But it seems to us
> quite possible and rational to distinguish, as the regulation does, between those
> charges that are *specifically assigned* to such expenses and those that are assessed
> for simply making the loan, or for the borrower's default.

*Smiley v. Citibank (S.D.)*, N.A, 517 U.S. 735, 741-42 (1996) (emphasis by Court).

Thus, the Supreme Court emphasized that, "*all* payments connected in any way with the

loan … can be regarded as 'compensating [the] creditor for [the] extension of credit'" but that

expenses "*specifically assigned*" to "insuring the loan" are not interest. 517 U.S. at 741. Here,

each Complaint states that Defendants "impose **separate** monthly fees for these products on each

of the consumers' cards."[1]

In *West Virginia ex rel. McGraw v. JPMorgan Chase & Co.*, the district court concluded

that the fees were not interest, particularly because the "fees are not compensation for

'extending' a line of credit. Many consumers holding credit cards offered by Defendants do not

participate in the plans, and if they do, may stop participating in the plans without losing their

credit accounts." 842 F. Supp. 2d at 991. The court also found that, "[t]he plans are like

insurance … and also like the other fees listed as 'not interest' under § 7.4001(a), which are

'specifically assigned' to cover services other than loan extension and maintenance." 842 F.

Supp. 2d at 992.

---

[1] FAC in 3:12-cv-565, p. 6 ¶21; FAC in 3:12-cv-571, p. 7 ¶23; FAC in 3:12-cv-572, p. 7 ¶22;
SAC in 3:12-cv-573, p. 7 ¶23; FAC in 3:12-cv-574, p. 6 ¶21; FAC in 3:12-cv-575,  p. 6 ¶21.

Similarly, in *Richardson v. Nat'l City Bank*, 141 F.3d 1228, 1229 (7th Cir. 1998)*,* the defendant purchased insurance on automobiles that it financed, and charged the premiums to the borrowers. The court noted *Smiley's* distinction between interest and "charges that are *specifically assigned* to such expenses [as insuring the loan]." 141 F.3d at 1230 (emphasis in original). The *Richardson* court found that the fees charged for the insurance were not interest both because they were fees for "insurance" intended to guarantee repayment of the loan, and because they were "specifically assigned" to a service other than the underlying extension of credit. The court also reasoned that because the insurance program was intended to benefit both the borrower and creditor, it fell outside of the definition of "interest," which only "compensates the creditor" for the extension of credit. *Id* at 1231 (citation omitted). Here, too, the payment protection plans benefit both the credit card company and (allegedly) the consumer, and the fees are tied to that service.

Finally, defining the fees as interest contradicts 12 C.F.R. Part 37, which forbids banks from altering credit terms based on customers agreeing to the fees. *See McGraw*, 842 F. Supp. 2d at 991 (analyzing 12 C.F.R. § 37.3(a)). The "payment protection" service fees cannot be defined as "payment compensating a creditor" "for an extension of credit," 12 C.F.R. § 7.4001(a), because a national bank may not "alter the terms or conditions of an extension of credit conditioned upon the customer entering into a debt cancellation contract or debt suspension agreement with the bank." 12 C.F.R. § 37.3(a).

In summation, the ancillary service plan charges that Mississippi citizens pay are separate fees assigned to insuring repayment and are not interest on a bank loan.

14

## III.    CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, the State respectfully moves this Court to certify the Court's Opinion and Order denying the motions to remand (Docket No. 44), for interlocutory appeal to the Fifth Circuit under 28 U.S.C. § 1292(b).


Dated: August 9, 2013                    RESPECTFULLY SUBMITTED,

                                         **JIM HOOD, ATTORNEY GENERAL**
                                         **STATE OF MISSISSIPPI**

                              BY:        /s/George W. Neville
                                         GEOFFREY MORGAN, MS BAR NO. 3474
                                         SPECIAL ASSISTANT ATTORNEY GENERAL
                                         GEORGE W. NEVILLE, MS BAR NO. 3822
                                         SPECIAL ASSISTANT ATTORNEY GENERAL
                                         ALEXANDER KASSOFF, MS BAR NO. 103581
                                         SPECIAL ASSISTANT ATTORNEY GENERAL
                                         Post Office Box 220
                                         550 High Street, Suite 1200
                                         Jackson, MS  39205-0220
                                         Tel.:  601-359-3680/Fax:  601-359-2003
                                         gnevi@ago.state.ms.us

OF COUNSEL:

J. Burton LeBlanc, IV
Laura J. Baughman
S. Ann Saucer
**Baron & Budd, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Tel.: 214-521-3605/Fax: 214-520-1181
bleblanc@baronbudd.com
lbaughman@baronbudd.com
asaucer@baronbudd.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above has been served on all counsel of

record via the Court's CM/ECF system on the 9th day of August, 2013.

/s/George W. Neville
GEORGE W. NEVILLE, MS BAR NO. 3822
SPECIAL ASSISTANT ATTORNEY GENERAL
Post Office Box 220
550 High Street, Suite 1200
Jackson, MS  39205-0220
Tel.:  601-359-3680/Fax:  601-359-2003
gnevi@ago.state.ms.us

16