```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.*
THE STATE OF MISSISSIPPI                                         PLAINTIFF


VS.                             CIVIL ACTION NO. 3:12-cv-565-WHB-LRA


JPMORGAN CHASE & CO., and
CHASE BANK USA, N.A.                                            DEFENDANTS


                        CONSOLIDATED WITH

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.*
THE STATE OF MISSISSIPPI                                         PLAINTIFF


VS.                             CIVIL ACTION NO. 3:12-cv-571


HSBC BANK NEVADA, N.A.
HSBC CARD SERVICES, INC.; and
HSBC BANK USA, N.A.                                             DEFENDANTS


                        CONSOLIDATED WITH

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.*
THE STATE OF MISSISSIPPI                                         PLAINTIFF


VS.                             CIVIL ACTION NO. 3:12-cv-572


CITIGROUP INC.; CITIBANK, N.A.; and
DEPARTMENT STORES NATIONAL BANK                                  DEFENDANT


                        CONSOLIDATED WITH

**JIM HOOD, ATTORNEY GENERAL OF**
**THE STATE OF MISSISSIPPI,** *ex rel.*
**THE STATE OF MISSISSIPPI**                                                      **PLAINTIFF**


**VS.**                                              **CIVIL ACTION NO. 3:12-cv-573**


**DISCOVER FINANCIAL SERVICES, INC.;**
**DISCOVER BANK; DFS SERVICES, L.L.C.; and**
**AMERICAN BANKERS MANAGEMENT COMPANY, INC.**           **DEFENDANTS**


**CONSOLIDATED WITH**

**JIM HOOD, ATTORNEY GENERAL OF**
**THE STATE OF MISSISSIPPI,** *ex rel*.
**THE STATE OF MISSISSIPPI**                                                      **PLAINTIFF**


**VS.**                                              **CIVIL ACTION NO. 3:12-cv-574**


**BANK OF AMERICA CORPORATION**
**and FIA CARD SERVICES, N.A.**                                        **DEFENDANTS**


**CONSOLIDATED WITH**

**JIM HOOD, ATTORNEY GENERAL OF**
**THE STATE OF MISSISSIPPI,** *ex rel.*
**THE STATE OF MISSISSIPPI**                                                      **PLAINTIFF**


**VS.**                                              **CIVIL ACITON NO. 3:12-cv-575**


**CAPITAL ONE BANK (USA) N.A., and**
**CAPITAL ONE SERVICES, LLC**                                          **DEFENDANTS**


## OPINION AND ORDER

This cause is before the Court on the Motion of Plaintiff for

Certification of Questions for Interlocutory Appeal under 28 U.S.C. § 1292(b) ("Motion for Certification").  Having considered the pleadings, the attachments thereto, as well as supporting and opposing authorities, the Court finds the Motion is well taken and should be granted.

## I.  Procedural History

On July 31, 2013, the Court entered an Opinion and Order denying the Motion to Remand that had been filed by Plaintiff, the State of Mississippi, in each of the above referenced civil cases.[1] See Opinion and Order [Docket No. 44].  In denying the Motions to Remand, the Court found it could exercise diversity of citizenship subject matter jurisdiction in each of the civil cases under the mass action provision of the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d)(11).  The Court additionally found it could exercise federal question subject matter jurisdiction in each of the civil cases under the National Banking Act ("NBA"), codified at 12 U.S.C. §§ 85-86 and/or the Depository Institutions Deregulation and Monetary Control Act of 1980 ("DIDA"), codified at 12 U.S.C. § 1331(d).

On August 9, 2013, the State of Mississippi filed a Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1453(c) in the

---

[1] The civil cases were consolidated for the purpose of deciding the Motions to Remand.  See Orders [Docket Nos. 19, 20].

United States Court of Appeals for the Fifth Circuit.  <u>See</u> Appeal No. 13-90042.  The State has now moved, pursuant to 28 U.S.C. § 1292(b), for certification of two findings made by the Court with respect to its decision that federal question subject matter jurisdiction could be properly exercised under the NBA.  The first is the finding that the Payment Protection Plans at issue in the subject lawsuits constitute "interest" as that term is defined by the regulations promulgated by the Office of the Comptroller of the Currency, specifically 12 C.F.R. § 7.4001(a).  The second is the finding that the State had alleged that the rate being charged for the Payment Protection Plans was excessive, and therefore usurious, for the purpose of implicating preemption under the NBA.  <u>See</u> Mem. in Supp. of Mot. for Certification [Docket No. 46], 1.  The Court now considers the Motion for Certification.

**II.  Discussion**

Interlocutory appeals are governed by 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided,

4

>however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Under Section 1292(b), courts can certify an interlocutory appeal in cases in which "(1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." Rico v. Flores, 481 F.3d 234, 238 (5th Cir. 2007).

The first question the State seeks to certify for interlocutory appeal is whether the Payment Protection Plans at issue in the subject lawsuits constitute "interest" as that term is defined by 12 C.F.R. § 7.4001(a). The Court finds that because this question relates to the manner in which a federal regulation is to be interpreted, it constitutes a controlling question of law. See e.g. Fisher v. Halliburton, 667 F.3d 602, 609 (5th Cir. 2012) (finding the question of whether the district court had properly interpreted the scope of coverage provided by a federal statute presented a controlling question of law for the purpose of Section 1292(b)); Castellanos-Contreras v. Decatur Hotels, LLC, 622 F.3d 393, 399 (5th Cir. 2010)(finding the question of whether language in a federal statute permitted reimbursement of expenses was "a legal question that [could] properly be the subject of interlocutory review."); McLaurin v. United States, 2008 WL 782487, at *2 (S.D. Miss. Mar. 24, 2008)(finding that a controlling

5

question of law for the purpose of Section 1292(b), includes "'the meaning of a statutory or constitutional provision, regulation, or common law doctrine that dictates the outcome as a matter of law.'")(quoting Ahrenholz v. Board of Trs. of Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000)).  Additionally, as explained in McLaurin, "a question is 'controlling' if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for dismissal that might have been ordered without the ensuing district court proceedings." McLaurin, 2008 WL 782487, at *2 (citing 16 CHARLES ALLEN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3930 at 423-34 (2nd ed. 1996)).  Here, a finding that the Payment Protection Plans constitute "interest" is required for the proper exercise of federal question jurisdiction under the NBA.  In the event the Plans do not constitute "interest", the basis for exercising federal question jurisdiction would be extinguished, and the Court would be required to reverse its decision with respect to whether federal question jurisdiction could be properly exercised.[2] Such reversal could quickly end litigation of the subject civil cases in this Court.  Accordingly, the Court finds the first and

---

[2] In their Response, Defendants argue that the question of whether the Payment Protection Plans constitute interest is not controlling because the Court has additionally found it could properly exercise subject matter jurisdiction in the civil action under the CAFA.  The CAFA-related findings of the Court, however, are currently sought to be challenged by the State in the Fifth Circuit.  Additionally, the caselaw on which many of the CAFA-related issues were decided by thus Court, namely Mississippi ex rel. Hood v. AU Optronics Corp., 701 F.3d 796 (5th Cir. 2012), is currently pending review in the United States Supreme Court.

third requisites for certifying a question for interlocutory review under 28 U.S.C. § 1292(b) have been shown to be satisfied. The Court additionally finds that the second requisite is also satisfied as there is substantial ground for difference of opinion on the issue of whether Payment Protection Plans constitute interest under 12 C.F.R. § 7.4001(a). Compare Hawaii ex rel Louie v. JPMorgan Chase & Co., 907 F.Supp.2d 1188, 1211 (D.Haw. 2012)(finding that charges imposed by creditors for payment protection plans constituted interest under the NBA), with West Virginia ex rel McGraw v. JPMorgan Chase & Co., 842 F.Supp.2d 984 (S.D.W.Va. 2012)(finding that payment protection plans could not be considered interest under the NBA).

For these reasons, the Court finds the question of whether the Payment Protection Plans at issue in the subject lawsuits constitute "interest" as that term is defined by 12 C.F.R. § 7.4001(a) should be certified for interlocutory review under 28 U.S.C. § 1292(b).

The second question the State seeks to certify for interlocutory appeal is whether it had alleged that the rate being charged for the Payment Protection Plans was excessive, and therefore usurious, for the purpose of implicating preemption under the NBA. The Court finds this question is one of controlling law because it asks whether federal law, namely the NBA, completely preempts the claims made by the State under the Mississippi

Consumer Protection Act.  Additionally, as above, if the Amended Complaints filed by the State cannot be said to allege usury, the basis for exercising federal question jurisdiction would be extinguished, the Court would be required to reverse its decision with respect to whether federal question jurisdiction could be properly exercised, and litigation of the subject civil cases in this Court could quickly end.  Accordingly, the Court finds the first and third requisites for certifying a question for interlocutory review under 28 U.S.C. § 1292(b) have been shown to be satisfied.  The Court additionally finds the second requisite is also satisfied as there is substantial ground for differences of opinion on the issue of whether a claim of usury has been alleged on the face of the Amended Complaints.

For these reasons, the Court finds the question of whether the State of Mississippi has alleged that the rate being charged for the Payment Protection Plans was excessive, and therefore usurious, for the purpose of implicating preemption under the NBA should be certified for interlocutory review under 28 U.S.C. § 1292(b).

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of the State of Mississippi for Certification of Questions for Interlocutory Appeal under 28 U.S.C. § 1292(b) [Docket No. 45] is hereby granted.  The

following questions are hereby certified:

Do the Payment Protection Plans at issue in the subject lawsuits constitute "interest" as that term is defined by 12 C.F.R. § 7.4001(a)?

Has the State of Mississippi alleged that the rate being charged for the Payment Protection Plans was excessive, and therefore usurious, for the purpose of implicating preemption under the NBA?

IT IS FURTHER ORDERED that all proceedings in this consolidated action are hereby stayed pending decisions by the United States Court of Appeals for the Fifth Circuit with respect to the matters presented by the State for interlocutory review. Counsel for Plaintiff shall, in writing, advise this Court as to any decision made by the Fifth Circuit as to whether it will grant interlocutory review under either 28 U.S.C. §§ 1292(b) and/or 1453(c).

SO ORDERED this the 12th day of September, 2013.

s/William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE