UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| JIM HOOD, ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI, *ex rel.* THE STATE OF MISSISSIPPI,<br><br>                    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO., et al.,<br><br>                    Defendants. | CIVIL NO.: 3:12-cv-565-WHB-LRA |
| JIM HOOD, ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI, *ex rel.* THE STATE OF MISSISSIPPI,<br><br>                    Plaintiff,<br><br>v.<br><br>HSBC BANK NEVADA, N.A., et al.,<br><br>                    Defendants. | CIVIL NO.: 3:12-cv-571-WHB-LRA |
| JIM HOOD, ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI, *ex rel.* THE STATE OF MISSISSIPPI,<br><br>                    Plaintiff,<br><br>v.<br><br>CITIGROUP INC., et al.,<br><br>                    Defendants. | CIVIL NO.: 3:12-cv-572-WHB-LRA |

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.* THE
STATE OF MISSISSIPPI,

                        Plaintiff,

v.

DISCOVER FINANCIAL SERVICES,
INC., et al.,

                        Defendants.

CIVIL NO.: 3:12-cv-573-WHB-LRA

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.* THE
STATE OF MISSISSIPPI,

                        Plaintiff,

v.

BANK OF AMERICA CORPORATION, et
al.,

                        Defendants.

CIVIL NO.: 3:12-cv-574-WHB-LRA

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.* THE
STATE OF MISSISSIPPI,

                        Plaintiff,

v.

CAPITAL ONE BANK (USA) N.A., et al.,

                        Defendants.

CIVIL NO.: 3:12-cv-575-WHB-LRA

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR DECISION ON
SUBSTANTIAL FEDERAL QUESTION ISSUE AND TO STAY REMAND**

Defendants JPMorgan Chase & Co. and Chase Bank USA, N.A.; Capital One Bank (USA) N.A. and Capital One Services, LLC; Citigroup, Inc., Citibank, N.A., and Department Stores National Bank; Discover Financial Services, Inc., Discover Bank, and DFS Services, L.L.C.; Bank of America Corporation and FIA Card Services, N.A.; HSBC Finance Corporation (successor by merger to HSBC Bank Nevada, N.A.), HSBC Card Services, Inc., and HSBC Bank USA, N.A.; and American Bankers Management Company, Inc. submit this joint memorandum in support of their motion for decision on the substantial federal question issue and to stay remand in these actions.

## BACKGROUND

The Attorney General filed virtually identical amended complaints ("Complaints") in the above-captioned actions against the defendant banks and certain affiliates of the banks. The Complaints accuse Defendants of violating the Mississippi Consumer Protection Act ("MCPA") in connection with payment protection plans that were offered to Mississippi consumers. Defendants removed the actions to federal court on three grounds: complete preemption, mass action jurisdiction under the Class Action Fairness Act ("CAFA"), and the substantial federal question doctrine. By order dated July 31, 2013 ("Order"), this Court denied the Attorney General's motion to remand these cases to state court, finding federal jurisdiction under CAFA and complete preemption. Doc. 44, No. 12-cv-565. The Order did not reach the question of jurisdiction under the substantial federal question doctrine. *Id.*

The Attorney General sought and obtained leave to file interlocutory appeals from the Order. On December 2, 2013, the Fifth Circuit reversed the Order, holding that the Complaints did not give rise to federal jurisdiction based on either the complete preemption doctrine or CAFA. *See Hood ex rel. Mississippi v. JPMorgan Chase & Co.*, ___ F.3d ___, 2013 WL 6230960 (5th Cir.

Dec. 2, 2013). The Fifth Circuit, however, did not reach the substantial federal question issue that

this Court had refrained from reaching in its Order. That issue is still pending before this Court.

Nor has jurisdiction under CAFA been finally settled. On November 6, 2013, the

Supreme Court heard oral argument in *Mississippi v. AU Optronics Corp.*, No. 12-1036 (U.S.).

Like these cases, *AU Optronics* involved efforts by the Mississippi Attorney General to seek

restitution on behalf of Mississippi consumers, and presented the question of whether defendants

had properly removed the lawsuit as a mass action under CAFA. The Supreme Court's decision

may confirm that this Court has jurisdiction over these actions or otherwise unsettle the Fifth

Circuit's CAFA holding in these cases. Defendants intend to file a petition for writ of certiorari

seeking review or vacatur of the Fifth Circuit's decision pursuant to *AU Optronics*.

## ARGUMENT

## I.     THE COURT SHOULD RULE THAT FEDERAL JURISDICTION EXISTS UNDER THE SUBSTANTIAL FEDERAL QUESTION DOCTRINE.

In their removal notices, Defendants raised the presence of a substantial federal

question as one of three independent grounds for removal. *See, e.g.*, Doc. 1, ¶¶ 39-44, No.

12-cv-565. This Court, after determining that it had jurisdiction based on CAFA and complete

preemption, did not reach the substantial federal question issue. *See* Doc. 44 at 45-46, No.

12-cv-565. The Fifth Circuit's order remanding these actions therefore identifies the substantial

federal question issue as an issue to be addressed on remand. *See Hood*, 2013 WL 6230960, at

*10. For all of the reasons set forth in their brief opposing the Attorney General's motion to

remand, Defendants urge this Court to accept jurisdiction over these cases under the substantial federal question doctrine. *See* Doc. 31 at 27-34.[1]

## II.  IN THE ALTERNATIVE, THE COURT SHOULD DEFER ANY POTENTIAL REMAND UNTIL THE SUPREME COURT'S DECISION IN *AU OPTRONICS* HAS ISSUED.

If the Court were to conclude that it lacks jurisdiction under the substantial federal question doctrine, Defendants request in the alternative that the Court stay remand pending resolution by the Supreme Court of the *AU Optronics* case and Defendants' petition for a writ of certiorari regarding the CAFA mass action issue.

The Supreme Court granted certiorari in *Mississippi v. AU Optronics Corp.*, No. 12-1036, to determine how the mass action provisions of CAFA apply to state *parens patriae* actions. The facts in *AU Optronics* are similar to those at issue here. There, the Mississippi Attorney General sued under the same statute invoked in these actions—the MCPA—for consumer harm resulting from alleged unfair or deceptive practices. *See* Doc. 1-1, ¶ 195, *Mississippi ex rel. Hood v. AU Optronics Corporation*, No. 3:11-CV-00345 (S.D. Miss.). A decision in the *AU Optronics* case is expected in the first few months of 2014.

The CAFA issues currently under review by the Supreme Court bear directly on these actions. The Fifth Circuit's decision in these cases held that Defendants bear the burden of proving that there is at least one "plaintiff" with a claim exceeding $75,000 in order to sustain a mass action removal. *See Hood*, 2013 WL 6230960, at *4. Defendants contend that the State is such a plaintiff: the State is among the plaintiffs in these actions, and its claim for civil penalties exceeds $75,000. Moreover, the text of CAFA states that jurisdiction "shall" exist over "those

---

[1]     Discover Bank did not raise the substantial federal question ground for removal because it is not a national bank.

- 3 -

plaintiffs whose claims" exceed $75,000. 28 U.S.C. § 1332(d)(11)(B)(i). The Fifth Circuit nevertheless held, based on prior Fifth Circuit precedent that is not binding on the Supreme Court, that the State's civil penalties claims do not qualify the State as a "plaintiff" with a $75,000 claim.[2] If *AU Optronics* rejects this conclusion and holds instead that the plain meaning of the term "plaintiff" extends to a State that sues as a plaintiff to recover civil penalties, then the Fifth Circuit's decision in this action will have to be revised or reversed in light of *AU Optronics*. Furthermore, the Supreme Court is likely to provide definitive guidance on this question in its ruling. The oral argument and the briefs in *AU Optronics* devoted significant attention to CAFA's $75,000 individual amount-in-controversy requirement and the related question of which "plaintiffs" can satisfy that requirement.[3]

To be sure, the Fifth Circuit stated that a decision by the Supreme Court in *AU Optronics* that individual consumers "are not properly viewed as the real parties in interest for CAFA" would not alter the result in these actions. *See Hood*, 2013 WL 6230960, at *5 n.5. The Fifth Circuit did not, however, suggest that it would make no difference here if the Supreme Court holds that a State qualifies as a "plaintiff" for purposes of CAFA with respect to its own civil

---

[2]    Notwithstanding the statutory language stating that mass action jurisdiction "shall" exist over any mass action "plaintiff" with a claim in excess of $75,000 (provided only that the claim is proposed to be tried jointly with a total of 100 claims presenting a common question of law or fact), *see* 28 U.S.C. § 1332(d)(11)(B)(i), the Fifth Circuit held that its decision in *Caldwell* compels the conclusion that any claim on which a State is the "sole real party in interest" may be severed and remanded from a mass action. *See Hood*, 2013 WL 6230960, at *6 n.8. *Caldwell's* reasoning, however, is currently under review by the Supreme Court in *AU Optronics*.

[3]    *See, e.g.*, Transcript of Oral Argument at 22-24, 26-29, *Mississippi v. AU Optronics Corp.*, No. 12-1036 (U.S. Nov. 6, 2013); Brief for Petitioner at 11-12, 21-23, *Mississippi v. AU Optronics Corp.*, No. 12-1036, 2013 WL 3894136 (U.S. July 22, 2013); Brief for Respondents at 22-27, *Mississippi v. AU Optronics Corp.*, No. 12-1036, 2013 WL 4769415 (U.S. Sept. 3, 2013).

penalties claims.  Such a ruling would require a different outcome here because the State's claims would satisfy the individual amount-in-controversy requirement.

For these reasons, Defendants intend to file a petition for a writ of certiorari with the Supreme Court seeking review of the Fifth Circuit's CAFA holding.  If the Supreme Court's decision in *AU Optronics* makes clear that CAFA jurisdiction is proper here or otherwise calls into question the Fifth Circuit's decision in these cases, the Supreme Court is likely at a minimum to vacate the Fifth Circuit's decision for further review in light of *AU Optronics*.  *See, e.g., Lawrence v. Chater*, 516 U.S. 163, 167 (1996) ("Where intervening developments ... reveal a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity ... a [grant certiorari, vacate, and remand order] is, we believe, potentially appropriate.").

Under similar circumstances, another federal court has already determined that a stay of remand is appropriate.  *See* Doc. 51, *South Carolina v. LG Display Co.*, No. 3:11-cv-729 (D.S.C. Jan. 9, 2013), attached to the Motion as Exhibit A.  In *LG Display*, the Fourth Circuit held that there was no mass action jurisdiction over a state attorney general *parens patriae* action under CAFA.  Thereafter, the district court issued an order staying remand to state court pending resolution of the defendants' petition for certiorari, despite the fact that the Fourth Circuit had previously declined to stay the mandate in that case.  The Supreme Court presumably is holding the *LG Display* petition pending its decision in *AU Optronics*, and the district court in turn has stayed remand until the cert. petition is decided.  *See id.*  Likewise here, this Court should stay remand until the question of federal jurisdiction under CAFA has been finally settled by the Supreme Court's decision in *AU Optronics* and Defendants' cert. petition has been decided.

Finally, Defendants should not be required to proceed in state court while the question of this Court's jurisdiction remains unsettled. As the Attorney General himself has recognized on multiple occasions, it makes little sense to commence discovery and other pretrial proceedings until it is known whether the cases will proceed in federal or state court. *See* Doc. 46 at 3, No. 12-cv-565 (setting forth Attorney General's argument that jurisdictional questions should be fully settled to avoid the wasted expense of litigating in an improper forum).[4] A stay will preserve the status quo and ensure that important questions concerning the Attorney General's right to bring these lawsuits are determined by the appropriate court.

## CONCLUSION

This Court should find that federal jurisdiction exists over the Attorney General's claims under the substantial federal question doctrine. Alternatively, the Court should stay any remand pending resolution by the Supreme Court of the *AU Optronics* case and Defendants' petition for a writ of certiorari.

DATED: December 26, 2013.

JPMORGAN CHASE & CO. and
CHASE BANK USA, N.A.

By:  /s/ Phillip S. Sykes
     Alan W. Perry (MB No. 4127)
     Phillip S. Sykes (MB No. 10126)
     FORMAN PERRY WATKINS KRUTZ &
     TARDY LLP

---

[4]    *See also* State's Petition for Permission to Appeal Order Denying Remand Pursuant to 28 U.S.C. § 1453(c), *Hood ex rel. Mississippi v. JPMorgan Chase & Co.*, No. 13-90042 at 11 (5th Cir. Aug. 12, 2013) (same); State's Petition for Permission to File Appeal Pursuant to 28 U.S.C. § 1292(b), *Hood ex rel. Mississippi v. JPMorgan Chase & Co.*, No. 13-90046 at 8 (5th Cir. Sept. 20, 2013) (same).

200 South Lamar Street, Suite 100 (Zip
39201)
P.O. Box 22608
Jackson, MS 39225-2608
Tel:    (601) 960-8600
Fax:    (601) 960-8613
E-mail:  aperry@fpwk.com
          psykes@fpwk.com

Robert D. Wick (admitted *pro hac vice*)
Andrew Soukup (admitted *pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20007
Tel:    (202) 662-6000
Fax:    (202) 662-6291
E-mail:  rwick@cov.com
          asoukup@cov.com

CAPITAL ONE BANK (USA) N.A. and CAPITAL
ONE SERVICES, LLC

By:    /s/ Dorsey R. Carson, Jr.
        Dorsey R. Carson, Jr. (MB No. 10493)
        CARSON LAW GROUP, PLLC
        125 South Congress Street, Suite 1336
        Jackson, MS 39201
        Tel:    (601) 622-6640
        E-mail:  dcarson@thecarsonlawgroup.com

Christopher D. Meyer (MB No. 103467)
BURR FORMAN LLP
401 E. Capitol Street, Suite 100
Jackson, MS 39201
Tel:    (601) 960-8600
Fax:    (601) 443-1595
E-mail:  cmeyer@burr.com

CITIGROUP INC., CITIBANK, N.A., and
DEPARTMENT STORES NATIONAL BANK

By:    /s/ Noah A. Levine
        W. Kurt Henke, MBN 2305
        Elizabeth T. Bufkin, MBN 8204
        Jeffrey S. Dilley, MBN 6127
        HENKE BUFKIN, P.A.
        P.O. Box 39
        Clarksdale, MS 38614
        Tel:     (662) 624-8500
        Fax:    (662) 624-8040
        E-mail:  wkh@henke-bufkin.com
                  etb@henke-bufkin.com
                  jsd@henke-bufkin.com

        Noah A. Levine (admitted *pro hac vice*)
        WILMER CUTLER PICKERING HALE &
        DORR LLP
        7 World Trade Center
        250 Greenwich Street
        New York, NY 10007
        Tel:     (212) 230-8800
        Fax:    (212) 230-8888
        E-mail:  noah.levine@wilmerhale.com

DISCOVER FINANCIAL SERVICES, INC.,
DISCOVER BANK, and DFS SERVICES, L.L.C.

By:    /s/ Mark H. Tyson
        Mark H. Tyson (MSB #9893)
        Stephen T. Masley (MSB #101870)
        McGLINCHEY STAFFORD, PLLC
        City Center South, Suite 1100
        200 South Lamar Street (Zip - 39201)
        Post Office Drawer 22949
        Jackson, Mississippi 39225-2949
        Tel:     (601) 960-8400
        Fax:    (601) 960-3520
        E-mail:  mtyson@mcglinchey.com
                  smasley@mcglinchey.com

David W. Moon (admitted *pro hac vice*)
Julia B. Strickland (admitted *pro hac vice*)
Jason S. Yoo (admitted *pro hac vice*)
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, CA 90067-3086
Tel:      (310) 556-5800
Fax:      (310) 556-5959
E-mail:   dmoon@stroock.com
          jstrickland@stroock.com
          jsyoo@stroock.com

BANK OF AMERICA CORPORATION and FIA
CARD SERVICES, N.A.

By:      /s/ H. Hunter Twiford III
         H. Hunter Twiford III (MSB No. 8162)
         Taylor A. Heck (MSB No. 102833)
         McGLINCHEY STAFFORD PLLC
         200 South Lamar Street
         City Centre South, Suite 1100
         Jackson, MS 39201
         Tel:      (601) 960-8400
         Fax:      (601) 960-8406
         E-mail:   htwiford@mcglinchey.com

         David L. Permut (admitted *pro hac vice*)
         GOODWIN PROCTER LLP
         901 New York Ave., NW
         Washington, D.C. 20001
         Tel:      (202) 346-4000
         Fax:      (202) 346-4444
         E-mail:   dpermut@goodwinprocter.com

HSBC FINANCE CORPORATION (successor by merger to HSBC BANK NEVADA, N.A.), HSBC CARD SERVICES, INC., and HSBC BANK USA, N.A.

By:    /s/ Mark H. Tyson
        Mark H. Tyson (MSB #9893)
        Stephen T. Masley (MSB #101870)
        McGLINCHEY STAFFORD, PLLC
        City Center South, Suite 1100
        200 South Lamar Street (Zip - 39201)
        Post Office Drawer 22949
        Jackson, Mississippi 39225-2949
        Tel:    (601) 960-8400
        Fax:    (601) 960-3520
        E-mail:  mtyson@mcglinchey.com
                  smasley@mcglinchey.com

        David W. Moon (admitted *pro hac vice*)
        Julia B. Strickland (admitted *pro hac vice*)
        Jason S. Yoo (admitted *pro hac vice*)
        STROOCK & STROOCK & LAVAN LLP
        2029 Century Park East
        Los Angeles, CA 90067-3086
        Tel:    (310) 556-5800
        Fax:    (310) 556-5959
        E-mail:  dmoon@stroock.com
                  jstrickland@stroock.com
                  jsyoo@stroock.com

AMERICAN BANKERS MANAGEMENT COMPANY, INC.

By:    /s/ Markham R. Leventhal
        Charles E. Griffin (MSB #5015)
        BUTLER SNOW O'MARA STEVENS & CANNADA PLLC
        1020 Highland Colony Parkway, Suite 1400
        Ridgeland, MS 39157
        Tel:    (601) 985-4583
        Fax:    (601) 985-4500
        E-mail:  charles.griffin@butlersnow.com

Markham R. Leventhal (MSB #101091)
JORDEN BURT LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131-2803
Tel:      (305) 371-2600
Fax:      (305) 372-9928
E-mail:  ml@jordenusa.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2013, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send a notification of such filing to the counsel of record who have entered appearances in this action.

/s/ Phillip S. Sykes
Phillip S. Sykes