**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.*                           PLAINTIFF
THE STATE OF MISSISSIPPI,

vs.                                     Civil Action No.: 3:12-cv-565-WHB-RHW

JPMORGAN CHASE & CO., and
CHASE BANK USA, N.A.,                                      DEFENDANTS


CONSOLIDATED WITH


JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.*                           PLAINTIFF
THE STATE OF MISSISSIPPI,

vs.                                     Civil Action No.: 3:12-cv-571

HSBC BANK NEVADA, N.A.,
HSBC CARD SERVICES, INC.; and                             DEFENDANTS
HSBC BANK USA, N.A.


CONSOLIDATED WITH


JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.*                           PLAINTIFF
THE STATE OF MISSISSIPPI,

vs.                                     Civil Action No.: 3:12-cv-572

CITIGROUP INC.; CITIBANK, N.A.; and
DEPARTMENT STORES NATIONAL                                 DEFENDANTS
BANK


CONSOLIDATED WITH

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.*                                    PLAINTIFF
THE STATE OF MISSISSIPPI,

vs.                                                          Civil Action No.: 3:12-cv-573

DISCOVER FINANCIAL SERVICES, INC.;
DISCOVER BANK; DFS SERVICES, L.L.C.;                                  DEFENDANTS
and AMERICAN BANKERS
MANAGEMENT COMPANY, INC.


CONSOLIDATED WITH

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.*                                    PLAINTIFF
THE STATE OF MISSISSIPPI,

vs.                                                          Civil Action No.: 3:12-cv-574

BANK OF AMERICA CORPORATION and
FIA CARD SERVICES, N.A.                                               DEFENDANTS


CONSOLIDATED WITH

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, *ex rel.*                                    PLAINTIFF
THE STATE OF MISSISSIPPI,

vs.                                                          Civil Action No.: 3:12-cv-575

CAPITAL ONE BANK (USA) N.A., and
CAPITAL ONE SERVICES, LLC                                             DEFENDANTS


**<u>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR
DECISION ON SUBSTANTIAL FEDERAL QUESTION ISSUE AND TO STAY
REMAND</u>**

## <u>TABLE OF CONTENTS</u>

I.     THERE IS NO SUBSTANTIAL FEDERAL QUESTION JURISDICTION…………2

     A.     The Fifth Circuit decision does not allow Defendants to base federal subject matter jurisdiction on a mischaracterization of the State's pleadings……………………………………………………………4

     B.     The Fifth Circuit agreed that federal question jurisdiction cannot be based on Defendants' injection of a federal issue into the case……………5

     C.     These Defendants abandoned the same substantial federal question argument as legally indefensible in the Hawaii litigation……………7

II.    THE FIFTH CIRCUIT FOUND THAT THE SUPREME COURT'S RESOLUTION OF MISSISSIPPI V. AU OPTRONICS WILL "NOT IMPACT" THE DECISION IT HAS RENDERED IN THE CASES AT BAR………………………………………………………………...……8

     A.     Defendants must make a clear showing of hardship or inequity to justify a stay………………………………………………………………....9

     B.     The only reason Defendants advance as an alleged justification for a stay is directly contrary to the United States Fifth Circuit Court of Appeals decision rendered in these six consolidated cases………………10

          1.     The Fifth Circuit considered and rejected Defendants' repeated argument that resolution of the merits of the State's remand motion must be postponed until after the Supreme Court decision………………………………………………………10

          2.     There is no possibility that the Supreme Court will render a decision supporting Defendants' argument that the State's penalty claims satisfy CAFA's amount-in-controversy requirement………..12

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abrego Abrego v. Dow Chem. Co.*,
   443 F.3d 676 (9th Cir. 2006) .......................................................................7

*Arkansas v. Kansas & Texas Coal Co.*,
   183 U.S. 185 (1901)......................................................................................6

*AU Optronics Corp. v. South Carolina*,
   699 F.3d 385 (4th Cir. 2012), *pet. filed* ....................................................9

*Caterpillar Inc. v. Williams*,
   482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).........................5, 6

*Coastal (Bermuda), Ltd. v. E.W. Saybolt & Co.*,
   761 F.2d 198 (5th Cir. 1985) .......................................................................9

*D&S Marine Servs., L.L.C. v. Lyle Props., L.L.C.*,
   No. 12-31263, 2013 U.S. App. LEXIS 23229 (5th Cir. Nov. 18, 2013)  ................9

*Demahy v. Schwarz Pharma, Inc.*,
   702 F.3d 177 (5th Cir. 2012), *cert. denied,* 134 S. Ct. 57 (2013)...........10

*Elam v. Kansas City S. Ry. Co.*,
   635 F.3d 796 (5th Cir. 2011) .......................................................................5

*Empire HealthChoice Assur., Inc. v. McVeigh*,
   547 U.S. 677 (2006)...................................................................................... 2

*GATX Aircraft Corp. v. M/V Courtney Leigh*,
   768 F.2d 711 (5th Cir. 1985) .......................................................................9

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
   545 U.S. 308 (2005)......................................................................................3

*Gunn v. Minton*,
   133 S. Ct. 1059 (2013)....................................................................... *passim*

*Haw. ex rel. Louie v. JPMorgan Chase & Co.*,
   907 F. Supp. 2d 1188 (D. Haw. Nov. 30, 2012) *issue certified,* 921 F. Supp.
   2d 1059 (D. Haw. 2013), *appeal pending,* 13-15611 (9th Cir.)………………………7

*Hood ex rel. Miss. v. JP Morgan Chase & Co.*,
   737 F.3d 78, 2013 U.S. App. LEXIS 23993 (5th Cir. 2013)......................... *passim*

*Landis v. N. Am. Co.*,
    299 U.S 248 (1936) ..............................................................................................9

*Louisiana ex rel. Caldwell v. Allstate Ins. Co.*,
    536 F.3d 418 (5th Cir. 2008) ............................................................................11

*Louisville & N. R. Co. v. Mottley*,
    211 U.S. 149 (1908)..............................................................................................6

*Mississippi ex. rel. Hood v. AU Optronics Corp.*,
    701 F.3d 796 (5th Cir. 2012), *cert granted,* 133 S. Ct. 2736 (2013) ............................. *passim*

*Nevada v. Bank of America*,
    672 F.3d 661 (9th Cir. 2012) ..............................................................................7

*Smith v. Kansas City Title & Trust Co.*,
    255 U.S. 180 (1921)..............................................................................................3

*Vaden v. Discover Bank*,
    556 U.S. 49 (2009)................................................................................................6

*West Virginia ex rel. McGraw v. JPMorgan Chase & Co.,*
    842 F. Supp. 2d 984 (S.D. W. Va. 2012)............................................................7

STATUTES

12 U.S.C. § 25b(b)(4) ................................................................................................6

12 U.S.C. § 43 ............................................................................................................6

12 U.S.C. § 5552(d)(1) ..............................................................................................6

28 U.S.C. § 1292(b) ..............................................................................................2, 11

28 U.S.C. § 1292(b) ................................................................................................11

28 U.S.C. § 1332(d)(11)(B)(ii)(III)........................................................................14

MISS. CODE ANN. § 75-24-19(1)(b) ..................................................................14, 15

In *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 2013 U.S. App. LEXIS 23993 (5th Cir. 2013), the Fifth Circuit held that federal subject matter jurisdiction does not exist either under CAFA or the complete preemption doctrine, and remanded the State's six consolidated cases to this Court for proceedings consistent with the appeals court's decision. The State  explains herein that remanding these cases to state court without additional stays is the only outcome consistent with the Fifth Circuit's opinion.

The relief requested in Defendants' motion (Dkt. 55, 56) is irreconcilable with controlling jurisprudence and with the law of the case doctrine.  Defendants had abandoned their substantial federal question theory in the *Hawaii* litigation and cannot reconcile it with recent Supreme Court precedent, yet Defendants request that this Court retain jurisdiction on these grounds. Failing that, Defendants ask, in the alternative, that this Court stay the litigation for a second time, pending resolution of *Mississippi ex. rel. Hood v. AU Optronics Corp.*[1]  The arguments advanced in Defendants' motion stand at direct odds with the Fifth Circuit's opinion entered in these consolidated cases.  Respectfully, Defendants' motion should be denied, and the six cases should be remanded to the state court wherein they were filed, consistent with the Fifth Circuit's decision.

## I.    There Is No Substantial Federal Question Jurisdiction.

As an initial matter, the Fifth Circuit's decision does not require that this Court reconsider substantial federal question jurisdiction before remanding the six cases to state court. Rather, the Fifth Circuit stated that this Court may have disposed of the issue and thus may remand without addressing it a second time.[2]

---

[1] 701 F.3d 796 (5th Cir. 2012), *cert granted,* 133 S. Ct. 2736 (2013).

[2] The State took the position that this Court's order accounted for the issue (s*ee* Opinion and Order, p. 7 (Dkt. 44) (discussing substantial federal question issue raised)), and thus had already rejected this jurisdictional ground.  The Fifth Circuit stated that:

> To the extent that the district court has not yet ruled on whether substantial federal question jurisdiction exists, this case is remanded for the district court to make that determination. If the district court has already ruled that there is no

1

Independently, even addressing the merits, accepting jurisdiction on the basis of a substantial federal question is foreclosed by *Gunn v. Minton*, 133 S. Ct. 1059 (2013). Defendants contend that the "reasons set forth in their brief [at Dkt. 31] opposing the Attorney General's motion to remand" allegedly explain why jurisdiction exists under the substantial federal question doctrine. *See* Defs. Mem., pp. 2-3 (Dkt. 56, pages 4-5 of 14). As the State has repeatedly explained,[3] however, Defendants cannot conform their substantial federal question arguments with the Supreme Court's recent decision in *Gunn v. Minton,* which is not addressed in Defendants' prior briefing (*see* Dkt. 31). Notwithstanding that the Supreme Court's decision in *Gunn v. Minton* has been repeatedly brought to Defendants' attention by the State in its Fifth Circuit briefing,[4] Defendants fail to discuss this controlling authority in their Memorandum to this Court. *See* Dkt. 56.

*Gunn v. Minton* prevents the application of jurisdiction on substantial federal question grounds. The Supreme Court in *Gunn* emphasized that there are only "extremely rare exceptions", in a "'special and small'" and "slim category", of cases that arise under federal law without federal law creating the cause of action asserted. *Gunn*, 133 S. Ct. at 1064-65 (quoting *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). The *Gunn* Court held that a federal issue is not "substantial in the relevant sense" unless it is important "to the federal system as a whole." 133 S. Ct. at 1066. The Supreme Court counseled that just because federal

---

substantial federal question jurisdiction, or makes such a determination upon further review, then these cases should be remanded to the state court as there would be no federal jurisdiction, and thus nothing to support supplemental jurisdiction.

*Hood ex rel. Miss. v. JP Morgan Chase*, 737 F.3d 78, __, 2013 U.S. App. LEXIS 23993, **42-43 (footnote 15 explaining, "We are unable to determine whether or not the district court has already reached this issue.").

[3] *See* Reply in Supp. of Miss.'s Pet. for Permission to File Appeal Pursuant to 28 U.S.C. § 1292(b), at p. 2 & n.2, Document 512394775, Case No. 13-90046 (5th Cir. Oct. 2, 2013); State of Miss.'s Reply Brief, at pp. 29-30, Document 512418598, Case No. 13-60686 (5th Cir. Oct. 24, 2013).

[4] *See* note 3 *supra*.

2

law was necessary to resolving a state law issue, it did not necessarily follow that federal jurisdiction exists. *Id*. at 1065-66. Specifically, although resolving a patent law question was necessary to resolving the underlying state case in *Gunn*, the federal issue was not substantial "to the federal system as a whole." *Id*. at 1066. Therefore, without a federal question substantially important to the entire federal system as a whole, Defendants' substantial federal question theory fails.

The complaints at bar present no federal questions at all, but that point aside, Defendants have not attempted to identify any alleged federal question that could possibly satisfy *Gunn*'s requirements. The two paradigmatic examples of "substantial" federal issues cited in *Gunn* involved the federal government's interests in collecting delinquent taxes and in issuing bonds. *See Gunn*, 133 S. Ct. at 1066 (citing and discussing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*., 545 U.S. 308 (2005); *Smith v. Kansas City Title & Trust Co*., 255 U.S. 180 (1921)). Defendants' removal notices did not – and could not – allege any substantial effect on the federal system as a whole rising to the level of systemic importance defined in *Gunn*, and Defendants have at no point attempted to explain how this requisite element of substantial federal question jurisdiction could possibly be met. Thus, the substantial federal question argument fails on the face of the removal notices as compared to the *Gunn* opinion.

Moreover, even before the Supreme Court clarified and re-emphasized the extraordinarily restrictive nature of substantial federal question jurisdiction, Defendants' arguments were unavailing. As the State has previously explained, Defendants cannot remove on a federal defense, and independently, Defendants' substantial federal question theory is founded on a mischaracterization of the State's pleadings.[5] The Fifth Circuit's decision in the cases at bar

---

[5] *See* Pl's Mem. in Supp. of Mot. to Remand, pp. 23-27 (Dkt. 12 in No. 13:12-cv-565); Pl's Rebuttal in Supp. of Motions to Remand, pp. 16-19 (Dkt. 32 in No. 13:12-cv-565); Pl's Mem. in Supp. of Mot. to Remand, pp. 22-26 (Dkt. 12 in No. 13:12-cv-571); Pl's Mem. in Supp. of Mot. to Remand, pp. 22-26 (Dkt. 10 in No. 13:12-cv-572); Pl's Mem. in Supp. of Mot. to Remand, pp. 22-26 (Dkt. 10 in No. 13:12-cv-574); Pl's Mem. in Supp. of Mot. to Remand, pp. 22-26 (Dkt. 9 in No. 13:12-cv-575). These prior pleadings are re-asserted herein. The instant memorandum updates the State's prior briefing by explaining that the state's position is further

reinforces the State's arguments.  Therefore, Defendants' substantial federal question assertion is not only irreconcilable with the Supreme Court's *Gunn v. Minton* decision, but it is further irreconcilable with the Fifth Circuit's opinion, for three reasons addressed below.

### A. The Fifth Circuit decision does not allow Defendants to base federal subject matter jurisdiction on a mischaracterization of the State's pleadings.

Each complaint is solely based on state rather than federal law; irreconcilably, however, the substantial federal question jurisdiction alleged in Defendants' removal notices misstates the State's pleadings as federal law claims.  The Fifth Circuit decision in these cases makes clear that Defendants may not derive federal subject matter jurisdiction by mischaracterizing the State's pleadings.

Specifically, the Fifth Circuit's decision rejects one of Defendants' arguments on the grounds that it "mischaracterizes the State's claims."[6]  Defendants' substantial federal question jurisdiction theory likewise depends on a misstatement of the claims pled by the State: the removal notices state inaccurately that each of the State's complaints "alleges violations of federal law."[7]  This statement – which is the basis for the substantial federal question grounds averred in the removal notices -- ***is directly contrary to the Fifth Circuit's description*** of the State's pleadings in the cases at bar:

> The State specifically disclaimed that there was federal question subject matter jurisdiction over any of the six actions:
>
> > ***Nowhere herein does the State plead, expressly or implicitly, any cause of action or request any remedy that arises under or is founded upon federal law*** . . . . The State expressly avers that the only causes of action claimed, and the only remedies sought

---

bolstered by two intervening authorities:  *Gunn v. Minton,* 133 S. Ct. 1059; and, *Hood ex rel. Miss. v. JP Morgan Chase & Co*., 737 F.3d 78.

[6] 737 F.3d at __ n.6, 2013 U.S. App. LEXIS 23993, *19 n.6.

[7]  Notice of Removal,  Dkt. 1 in No. 3:12-cv-565, p. 13 ¶40; Notice of Removal, Dkt. 1 in No. 3:12-cv-571, p. 13 ¶40; Notice of Removal, Dkt. 1 in No. 3:12-cv-574, p. 13 ¶41; Notice of Removal, Dkt. 1 in No. 3:12-cv-575, p. 14 ¶44.  *See also* Notice of Removal, Dkt. 1 in No. 3:12-cv-572, p. 15 ¶42 ("the Attorney General accuses Defendants of violating" "OCC regulations").

>    herein, are founded upon the statutory, common, and decisional
>    laws of the State of Mississippi.

737 F.3d 78, __, 2013 U.S. App. LEXIS 23993, **6-7 (emphasis added).   Defendants'

substantial federal question argument fails because it directly contradicts the pleadings, as quoted

by the Fifth Circuit.

    **B.  The Fifth Circuit agreed that federal question jurisdiction cannot be based on Defendants' injection of a federal issue into the case.**

    The Fifth Circuit did not rule on substantial federal question jurisdiction specifically, but

the appeals decision does render an exacting analysis of another subcategory of federal question

jurisdiction, that of complete preemption.  In so doing, the Fifth Circuit articulated fundamental

tenets applicable to federal question jurisdiction, including to the substantial federal question

doctrine.  Specifically, the Fifth Circuit decision explains that:

>    "A plaintiff is the master of his complaint and may allege only state law causes of
>    action, even when federal remedies might also exist." *Elam v. Kansas City S. Ry.
>    Co.*, 635 F.3d 796, 803 (5th Cir. 2011). "[A] *defendant* cannot, merely by
>    injecting a federal question into an action that asserts what is plainly a state-law
>    claim, transform the action into one arising under federal law, thereby selecting
>    the forum in which the claim shall be litigated." *Caterpillar Inc. v. Williams*, 482
>    U.S. 386, 399, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).

*Hood ex rel. Miss. v. JP Morgan Chase*, 737 F.3d at __, 2013 U.S. App. LEXIS 23993, at *26

(emphasis in original).  The State's briefing opposing Defendants' assertion of substantial federal

question jurisdiction had quoted these same two cases and made these same points.[8]

    Based on the *Elam* and *Caterpillar* reasoning quoted in the Fifth Circuit decision, the

substantial federal question argument must be rejected because it is based on Defendants'

attempt to inject a federal issue that is not raised in the State's complaints.  As quoted above, the

Fifth Circuit specifically stated, in these six consolidated cases, that a defendant cannot create

federal question jurisdiction by injecting a federal question into the case.  The Fifth Circuit's

---

[8] *See* Pl's Mem. in Supp. of Mot. to Remand, pp. 23-24 (Dkt. 12  in No. 13:12-cv-565); Pl's
Mem. in Supp. of Mot. to Remand, pp. 22-23 (Dkt. 12  in No. 13:12-cv-571); Pl's Mem. in Supp.
of Mot. to Remand, pp. 22-23 (Dkt. 10  in No. 13:12-cv-572); Pl's Mem. in Supp. of Mot. to
Remand, pp. 22-23 (Dkt. 10  in No. 13:12-cv-574); Pl's Mem. in Supp. of Mot. to Remand, pp.
22-23 (Dkt. 9  in No. 13:12-cv-575).

decision further explains that, "[w]e now turn to whether the State's MCPA claims are preempted by federal law, and conclude that they are not."  737 F.3d at __, 2013 U.S. App. LEXIS 23993, at *26.

Defendants' assertion of substantial federal question jurisdiction relies on the argument that federal law allegedly preempts the field, or otherwise somehow effects non-jurisdictional preemption.[9]  Defendants' preemption arguments constitute a (meritless)[10] federal defense rather than a basis for federal question jurisdiction.  Over a hundred years of Supreme Court precedent makes clear that defendants cannot remove a case based on the assertion of a federal defense.[11]  Thus Defendants' substantial federal question argument fails.

---

[9] *See* Notice of Removal, Dkt. 1 in No. 3:12-cv-565, p. 13 ¶41 (making a "preempt the field" argument); Notice of Removal, Dkt. 1 in No. 3:12-cv-571, p. 13 ¶41 (same); Notice of Removal, Dkt. 1 in No. 3:12-cv-572, p. 15 ¶42 (same); Notice of Removal, Dkt. 1 in No. 3:12-cv-574, p. 14 ¶42 (same); Notice of Removal, Dkt. 1 in No. 3:12-cv-575, p. 15 ¶45 (same).

[10]  While the merits of this alleged federal defense are not before the federal court (for lack of subject matter jurisdiction), the State notes that the preemption averred in Defendants' removal notices is contrary to the black letter of federal statutory law, which states that, "[t]his title does not occupy the field in any area of State law."  12 U.S.C. § 25b(b)(4).  *See also* 12 U.S.C. § 43 (protecting state consumer protection laws from federal preemption absent statutorily defined procedures not complied with when the regulations cited in Defendants' removal notices and briefing were enacted); 12 U.S.C. § 5552(d)(1) (asserting "the authority of a State attorney general … to bring an action … arising solely under the law in effect in that State").

[11]  *Louisville & N. R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.").  *See also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule … a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'") (quoting *Mottley*); *Arkansas v. Kansas & Texas Coal Co*., 183 U.S. 185, 188 (1901) ("[I]t has been settled that a case cannot be removed from a state court into the Circuit Court of the United States on the sole ground that it is one arising under the Constitution, laws, or treaties of the United States, unless that appears by plaintiff's statement of his own claim."); *Hood ex rel. Miss. v. JP Morgan Chase*, 737 F.3d at __, 2013 U.S. App. LEXIS 23993, at *26 (quoting *Caterpillar*, 482 U.S. at 392).

**C.  These Defendants abandoned the same substantial federal question argument as legally indefensible in the Hawaii litigation.**

The Fifth Circuit decision avoids an inter-Circuit split with the Ninth Circuit with regard to CAFA's amount in controversy requirement.[12]  Defendants cannot deny that were this Court to accept their substantial federal question argument, then such decision would be irreconcilable with Ninth Circuit authority.  The same Defendants before this Court ***admitted*** in the payment protection cases filed against them by the State of Hawaii that the same substantial federal question jurisdiction claimed here is wrong according to the Ninth Circuit.[13]  Thus, the *Hawaii* decision explains that Defendants conceded that assertion of substantial federal question jurisdiction is inconsistent with binding precedent.  *Haw. ex rel. Louie v. JPMorgan Chase & Co.*, 907 F. Supp. 2d 1188, 1213 n. 13 (D. Haw. Nov. 30, 2012), *issue certified,* 921 F. Supp. 2d 1059 (D. Haw. 2013), *appeal pending,* 13-15611 (9th Cir.).

Notably, Defendants made this admission even before the Supreme Court decided *Gunn v. Minton.*  Thus, the reasons prompting Defendants to abandon substantial federal question jurisdiction in the *Hawaii* litigation are even stronger now.

---

[12]  *See Hood ex rel. Miss. v. JP Morgan Chase*, 737 F.3d 78, __, 2013 U.S. App. LEXIS 23993, *25 (agreeing with sister circuit in *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006)).  The issue of avoiding an inter-Circuit split with the Ninth Circuit's *Abrego* decision was discussed at oral argument in the Fifth Circuit.

[13]  After losing this argument in West Virginia, *see West Virginia ex rel. McGraw v. JPMorgan Chase & Co.,* 842 F. Supp. 2d 984, 999-1002 (S.D. W. Va. 2012), all but one of the Defendants omitted any assertion of substantial federal question jurisdiction from their removal notices filed in Hawaii.  With regard to the one removal notice that retained this argument, Defendants' Joint Brief withdrew it, explaining that Ninth Circuit precedent was to the contrary:

> Citibank … removed on the substantial federal question ground . . . .  Citibank acknowledges, however, that *Nevada v. Bank of America*, 672 F.3d 661 (9th Cir. 2012) rejects this argument.

Dfs' Jt. Mem. in Opp. to Pl's Mot. to Remand and for Costs and Fees, p. 41, *State of Hawaii ex rel. Louie v. JPMorgan Chase & Co.*, No. 12-263, Dkt. 75 (D. Haw. Oct. 29, 2012) (excerpts attached as Exhibit A hereto); *see also* Notice of Removal, pp. 18-21 ¶¶36-40, *State of Hawaii ex rel. Louie v. Citigroup,* No. 12-271, Dkt. 1 (D. Haw. May 18, 2012) (attached as Exhibit B); *compare with* Notice of Removal, Dkt. 1 in No. 3:12-cv-572, pp. 14-16 ¶¶39-44 (making same removal arguments in this Court that Defendant made and then abandoned in *Hawaii*).

In sum, this Court need not pen a second opinion further discussing the substantial federal question doctrine. Defendants have never attempted to reconcile their argument with the Supreme Court's decision in *Gunn v. Minton*, and this Court is under no obligation to expend further federal judicial resources on these cases, which were improperly removed to federal court in the first instance.

## II.    The Fifth Circuit Found that the Supreme Court's Resolution of *Mississippi v. AU Optronics* Will "Not Impact" the Decision It Has Rendered in the Cases at Bar.

The Attorney General filed these six cases in the Summer of 2012. Through what the Fifth Circuit described as Defendants' "mischarateriz[ation] of the State's claims,"[14] and through the assertion of erroneous removal grounds,[15] Defendants have succeeded in forestalling discovery and resolution of the merits. Defendants already received one stay of these six cases over the State's objections. *See* Dkt. 24. Now, after a published opinion of the Fifth Circuit has exposed the Defendants' mischaracterizations of the State's complaints and the inaccuracy of Defendants' legal arguments, Defendants attempt to impose the hardship of even further delay.

As explained below, Defendants' arguments fail to justify a second stay of this litigation pending another decision in *Mississippi v. AU Optronics*. As an initial matter, Defendants make no attempt to address the jurisprudence defining stay requests. Second and independently, Defendants' sole justification for a stay is that a future Supreme Court decision allegedly might unsettle the Fifth Circuit's decision rejecting almost all of the representations Defendants have made to the federal judiciary to date; however, Defendants' speculation that the future Supreme Court decision could change the Fifth Circuit's decision is ***directly contrary to what the Fifth Circuit said*** in that decision:  "a decision by the Supreme Court contrary to the one that we reached in *AU Optronics* on that issue would ***not impact our result here***."  *Hood ex rel. Miss. v. JP Morgan Chase*, 2013 U.S. App. LEXIS 23993, *19 n.5 (emphasis added).

---

[14] *Hood ex rel. Miss. v. JP Morgan Chase*, 737 F.3d 78, 2013 U.S. App. LEXIS 23993, *19 n.6 (Defendants' "argument mischaracterizes the State's claims.").
[15] *See, generally, Hood ex rel. Miss. v. JP Morgan Chase*, 737 F.3d 78, 2013 U.S. App. LEXIS 23993.

**A.  Defendants must make a clear showing of hardship or inequity to justify a stay.**

"[T]he suppliant for a stay must make out *a clear case* of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. N. Am. Co.*, 299 U.S 248, 255 (1936) (emphasis added).  "Generally, the moving party bears *a heavy burden* to show why a stay should be granted absent statutory authorization. . . .  Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation."  *Coastal (Bermuda), Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 204 (5th Cir. 1985) (emphasis added).  "A stay can be justified only if, based on a balancing of the parties' interests, there is a *clear inequity* to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) (citing *Landis*, 299 U.S. at 254-55; further cit. om. & emphasis added).   A stay is justified only in "rare circumstances."  *D&S Marine Servs., L.L.C. v. Lyle Props., L.L.C.*, No. 12-31263, 2013 U.S. App. LEXIS 23229, at *10 (5th Cir. Nov. 18, 2013) (unpublished) (attached hereto as Exhibit C) (quoting *Landis*, 299 U.S. at 255).

Defendants' briefing in support of its stay request omits any discussion of the legal prerequisites for granting a stay and is bereft of citation to any authority that might possibly justify granting a second stay of the State's cases.[16]  As explained below, Defendants' reasons

---

[16] Defendants incorrectly claim that a stay was granted "[u]nder similar circumstances" (Dfs. Mem., p. 5) in the cases appealed in *AU Optronics Corp. v. South Carolina*, 699 F.3d 385 (4th Cir. 2012), *pet. filed.*  However, the Fifth Circuit's decision here states that it is *not* impacted by *Mississippi v. AU Optronics.  See Hood ex. rel. Miss. v. JPMorgan Chase,* 2013 U.S. App. LEXIS 23993, **18-19 & n.5.  In stark contrast, the concurring opinion in *Mississippi v. AU Optronics* cited *AU Optronics Corp. v. South Carolina* as taking a different approach.  *See Mississippi v. AU Optronics,* 701 F.3d at 805 (Elrod, J.).  Thus, while the Fifth Circuit decision in the cases at bar poses no possible conflict with *Mississippi v. AU Optronics*, this was not true in the South Carolina cases.

Thus these circumstances are in no way similar:  Defendants ask this Court to grant a stay based on a supposition at direct odds with what the Fifth Circuit has ruled.  The South Carolina court did not issue a stay under remotely comparable circumstances because the Fourth Circuit

for why a stay is allegedly appropriate not only fall short of the legal standards, but are independently lacking in any factual or legal accuracy.

**B.   The only reason Defendants advance as an alleged justification for a stay is directly contrary to the United States Fifth Circuit Court of Appeals decision rendered in these six consolidated cases.**

Defendants are unable – and indeed make no attempt – to clearly show that without a stay, they will be victim to hardship or inequity.   The only support Defendants lend to their request that this litigation be stayed pending the Supreme Court's decision in *Mississippi v. AU Optronics* is that, allegedly, "[t]he CAFA issues currently under review by the Supreme Court bear directly on these actions."  Dfs. Mem., p. 3 (Dkt. 56, Page 5 of 14).   ***The Fifth Circuit said the opposite.***   *Hood ex rel. Miss. v. JP Morgan Chase*, 2013 U.S. App. LEXIS 23993, *19 n.5 (a decision by the Supreme Court "would not impact our result here."). Defendants cannot justify a stay based on a claim that is directly contrary to what the Fifth Circuit has ruled in its decision in this very litigation.  The Fifth Circuit's decision is binding as law of the case.[17]

> 1.   The Fifth Circuit considered and rejected Defendants' repeated argument that resolution of the merits of the State's remand motion must be postponed until after the Supreme Court decision.

Defendants had repeatedly argued to the Fifth Circuit that it should delay appellate review because the Supreme Court was allegedly considering the same issues in *Mississippi v. AU Optronics*.[18]   Defendants not only made this argument no less than four times in the appeals

---

had not stated that the *Mississippi v. AU Optronics* litigation had no impact on the South Carolina cases.

[17] *See Demahy v. Schwarz Pharma, Inc.,* 702 F.3d 177, 184 (5th Cir. 2012), *cert. denied,* 134 S. Ct. 57 (2013) ("The law of the case doctrine posits that ordinarily 'an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.'" (citation omitted)).

[18] Jt. Br. for Dfs-Appellees, pp. 48-51, No. 13-60686, Doc. 512412566 (5th Cir. Oct. 17. 2013) (pages of arguments under the heading "This Court Should Wait To Address The CAFA Issues Until After The Supreme Court Issues Its Decision In AU Optronics."; emph. omitted); Dfs-Resps' Jt. Answer in Opp. to Pet. for Permission to File Appeal, p. 2, No. 13-90042, Doc. 512350593 (5th Cir. Aug. 22, 2013) (instructing Fifth Circuit that it "should not allow a … appeal on CAFA questions that are already pending before the Supreme Court."); Letter from Robert D. Wick to Lyle W. Cayce, p. 2, No. 13-90042, Doc. 512380285 (5th Cir. Sept. 20, 2013)

court,[19] but the first section of Defendants' CAFA argument in their Appellees' Brief devoted

pages to this delay request under the heading, "**This Court Should Wait To Address The**

**CAFA Issues Until After The Supreme Court Issues Its Decision In *AU Optronics*."**  Jt. Br.

for Dfs-Appellees, pp. 48-51, No. 13-60686, Doc. 512412566 (5th Cir. Oct. 17. 2013) (emph. in

orig.).  Defendants now ask this Court to grant a stay based on an argument that the Fifth Circuit

rejected.

    The Fifth Circuit not only declined to postpone its decision, but it expressly explained

that *Mississippi v. AU Optronics* has "***no[] impact***" on the decision that it reached in the cases at

bar:

> Based on our decisions in [*Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536
> F.3d 418, 430 (5th Cir. 2008)], and *AU Optronics*, 701 F.3d at 798-800,
> Defendants argue that the individual customers who paid for these ancillary
> services are the real parties in interest for the State's restitution claims. Assuming
> arguendo that this is so, Defendants have not presented evidence to show that any
> of these customers satisfies the individual amount in controversy requirement.[5]
>
>     [Footnote 5:]
>     [5] We  recognize that the Supreme Court is currently reviewing our
>     decision in *AU Optronics*, and may determine that the customers are not
>     properly viewed as the real parties in interest for CAFA. Because we find
>     that jurisdiction is lacking here regardless of whether the customers are
>     considered real parties in interest, a decision by the Supreme Court
>     contrary to the one that we reached in *AU Optronics* on that issue **would
>     not impact** our result here.

*Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, __ & n.5, 2013 U.S. App. LEXIS

23993, **18-19 & n.5 (5th Cir. 2013) (footnote five included; emphasis added).  Defendants'

argument that this Court grant the same postponement that the Fifth Circuit refused to grant these

Defendants is untenable.

---

("This Court should not grant an interlocutory appeal under section 1453(c) *or* section 1292(b)
when the U.S. Supreme Court is poised to consider issues that could easily prove dispositive
here."); Dfs-Resps' Jt. Answer in Opp. to Pet. for Permission to File Appeal Pursuant to 28
U.S.C. § 1292(b), p. 6, No. 13-90046, Doc. 512390391 (5th Cir. Sept. 30, 2013) ("The case for
interlocutory review is further undermined by the fact that the CAFA questions presented by the
district court order are currently pending before the Supreme Court.").

[19] *See* footnote 18 *supra.*

2. There is no possibility that the Supreme Court will render a decision supporting Defendants' argument that the State's penalty claims satisfy CAFA's amount-in-controversy requirement.

Defendants theorize that the Supreme Court could rule to the effect that "the State's [penalties] claims would satisfy the individual amount-in-controversy requirement." *See* Dfs. Mem., p. 5 (Dkt. 56, Pages 7 of 14). Defendants have never been able to cite any authority in support of their penalties argument, and they do not do so here. In an attempt to justify asking this Court for a stay based on a supposition rejected by the Fifth Circuit, Defendants further argue that the Fifth Circuit did not "suggest that it would make no difference here" were the Supreme Court to render a "hold[ing]" in the *AU Optronics* defendants' favor with regard to the State's "own civil penalties claims." *See* Dfs. Mem., pp. 4-5 (Dkt. 56, Pages 6-7 of 14).

The reason why the Fifth Circuit did not specifically address the possibility of a Supreme Court holding along the lines theorized by Defendants is because there is no possibility that the Supreme Court could enter such a holding. First, as the Supreme Court argument went better for the State than for the *AU Optronics* defendants,[20] a stay cannot be granted based on speculation that the *AU Optronics* defendants will win. *See, generally,* § II.A *supra* (standards for granting stay). Second, even were they likely to win, which is strongly denied, the *AU Optronics* defendants could not possibly win on the grounds hypothesized by Defendants here. The Fifth Circuit decision that the Supreme Court is now reviewing states that, "[i]t is undisputed … that

---

[20] It is notable that, according to independent observers, the Supreme Court argument went better for the State than for defendants. *See, e.g.,* Ronald Mann, Argument analysis: Justices spar over federal jurisdiction for state AG actions, posted at http://www.scotusblog.com/2013/11/argument-analysis-justices-spar-over-federal-jurisdiction-for-state-ag-actions/ (November 8, 2013) (at oral argument, the Court was "less receptive to Christopher Curran, arguing on behalf of the defendants (LCD manufacturers). At times, it seemed as if Justices Scalia, Kagan, and Sotomayor were sparring to see who could be the most forceful in rejecting Curran's reading of the statute. . . . Driven to back off from the text by the withering attacks, Curran next floated the idea that his reading makes sense because of the purpose of the statute. . . . But all three of his main critics — Justices Kagan, Sotomayor, and Scalia – jumped in to reject the suggestion that his reading of the statute is even plausible."). The State does not adopt this or any other commentators' opinions as the position or opinion of the State, but rather only cites this comment for the purpose of illustrating that Defendants' stay request is without foundation.

the relief sought satisfies the amount in controversy requirement." *Mississippi v. AU Optronics,* 701 F.3d at 799.  Thus, even were it appropriate to enter a stay based on the supposition that the *AU Optronics* defendants will win (which is denied), they could not possibly win on the grounds hypothesized by Defendants here.

Furthermore, Defendants' speculation that a future Supreme Court decision might possibly unsettle the Fifth Circuit's decision – contrary to what **the Fifth Circuit itself said** in that decision – overlooks that the Fifth Circuit rejected Defendants' argument that the State's claims satisfied amount-in-controversy for more than one reason.  The Fifth Circuit explained that:

> Defendants argue that in addition to bringing claims on behalf of Mississippi consumers, the State also brought claims for restitution and civil penalties on its own behalf. Defendants assert that these claims where the State itself is the real party in interest exceed the individual amount in controversy requirement and that, as a result, there is at least one plaintiff that satisfies this requirement. We disagree.
>
> First, the State does not allege that it, or any of its employees, had credit card accounts for which it paid Defendants for any of the ancillary services. Thus, any claims that the State has against Defendants could only be based on the fees paid by the individual customers. Second, under our precedent the State is not the real party in interest with respect to this claim for restitution. In *Caldwell*, the State of Louisiana filed a *parens patriae* action against a number of insurance companies alleging violations of the Louisiana Monopolies Act. 536 F.3d at 421-22. We held that the case was properly removed under CAFA because the state was asserting claims related to the interests of "citizen policyholders," rather than its own sovereign interests. *Id*. at 424-27, 430. We concluded that the 100 or more Louisiana citizens--rather than the state--were the plaintiffs for those claims. *Id.* at 430. Here, the State likewise asserts a restitution claim on behalf of the credit card holders who paid the contested fees. Under *Caldwell*, the real parties in interest are therefore these customers, rather than the State.
>
> Even assuming that one could liberally construe the restitution claims as belonging to the State itself, it is still not a mass action plaintiff that could support subject matter jurisdiction. Any claims for which the State is the sole party in interest could not possibly be mass action claims, as they are brought by a single plaintiff on its own behalf, rather than a mass of plaintiffs. As a result, neither the civil penalties nor the restitution claim provides the individual amount in controversy requirement necessary for a CAFA mass action.

737 F.3d at __, 2013 U.S. App. LEXIS 23993, at ** 21-23 (footnotes omitted).

The Fifth Circuit further explained why Defendants' civil penalties argument is inconsistent with both this Court's July 2013 order and with the Mississippi Consumer Protection Act:

> As the district court here correctly determined, the State is also the sole real party in interest with respect to the civil penalties because those claims can only be brought by the State through its Attorney General. *See* Miss. Code Ann. § 75-24-9; § 75-24-19(1)(b). These claims cannot support subject matter jurisdiction under CAFA.

737 F.3d at __ n.8, 2013 U.S. App. LEXIS 23993, at *24 n.8.

Consistent with the above-quoted language in the Fifth Circuit decision, this Court's order repeatedly explained this Court's finding that only the restitution claims – and ***not*** the state's penalty claims -- could be deemed a part of a CAFA mass action:

- On page 15, the Opinion and Order finds that, "the State of Mississippi is the sole real party in interest with respect to the claims for … civil penalties under the MCPA, because such claims can only be brought by the State through its attorney general. *See* . . . Miss. Code Ann. § 75-24-19(1)(b)." Dkt. 44.

- On Page 18, this Court's Opinion and Order states that the alleged CAFA mass action exists with regard to restitution (i.e., not penalties). Dkt. 44.

- On Page 20, this Court found that the general public interest exception to CAFA jurisdiction (28 U.S.C. § 1332(d)(11)(B)(ii)(III)) does not apply because of the existence of the restitution claims. Dkt. 44.

- On Page 32, the Opinion and Order states that the consumers are real parties in interest "with respect to the restitution claims." Dkt. 44.

- The Order concludes its CAFA analysis by explaining that, "the restitution claim … **is the only claim** upon which federal subject matter jurisdiction attached under the CAFA." Dkt. 44, at p. 34 (emphasis added).

Significantly, Defendants have at no point cited any authority to support the supposition that this Court erred in excluding the State's penalty claims from CAFA's purview.

14

Thus, even were Defendants' penalty argument before the Supreme Court in *Mississippi v. AU Optronics*, which is denied, there is no basis to presume that this issue would be resolved in Defendants' favor.  Both this Court and the Fifth Circuit correctly determined that the State's penalty claims could not possibly be part of a "mass action" because the penalty claims are solely owned by the State.  All four federal judges to look at this issue here – this Court and a unanimous Fifth Circuit panel – have found, based on the plain statutory language (*see* MISS. CODE ANN. § 75-24-19(1)(b)), that the State's penalty claims fall outside of any CAFA mass action.  Defendants present no analysis or reasoning explaining why the Supreme Court would depart from the plain language of the Mississippi Consumer Protection Act in order to reach an unsupported legal conclusion that both this Court and the Fifth Circuit have rejected.

WHEREFORE, the State respectfully requests that the Court remand the cases to the Hinds County Chancery Court, wherein each was originally filed, and order the clerk to strike the cases from the federal docket; the State also requests that the Court do so without delay, and that the Court deny Defendants' motion (filed at Dkt. 55, 56).


DATED:  December 30, 2013.          RESPECTFULLY SUBMITTED,

                                    **JIM HOOD, ATTORNEY GENERAL**
                                    **STATE OF MISSISSIPPI**

                        BY:   /s/ George W. Neville
                              GEOFFREY MORGAN, MS BAR NO. 3474
                              SPECIAL ASSISTANT ATTORNEY GENERAL
                              GEORGE W. NEVILLE, MS BAR NO. 3822
                              SPECIAL ASSISTANT ATTORNEY GENERAL
                              Post Office Box 220 (39205-0220)
                              550 High Street, Suite 1200
                              Jackson, MS  39201
                              Tel.:  601-359-3680/Fax:  601-359-2003
                              gnevi@ago.state.ms.us

**OF COUNSEL:**
J. Burton LeBlanc, IV
Laura J. Baughman
S. Ann Saucer
**Baron & Budd, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Tel.: 214-521-3605/Fax: 214-520-1181
bleblanc@baronbudd.com
lbaughman@baronbudd.com
asaucer@baronbudd.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above has been served on all counsel of record via the Court's CM/ECF system on the 30th day of December, 2013.

/s/George W. Neville

GEORGE W. NEVILLE, MS BAR NO. 3822
SPECIAL ASSISTANT ATTORNEY GENERAL
Post Office Box 220 (39205-0220)
550 High Street, Suite 1200
Jackson, MS  39201
Tel.:  601-359-3680/Fax:  601-359-2003
gnevi@ago.state.ms.us

17